IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BLUERADIOS, INC.,
a Colorado corporation,

      Plaintiff,

v.

KOPIN CORPORATION, INC.,
a Delaware corporation,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

      Plaintiff BlueRadios, Inc. ("BlueRadios"), by and through its undersigned attorneys, for its Complaint against Defendant Kopin Corporation, Inc. ("Kopin"), states and alleges as follows:

### NATURE OF ACTION

      1.     This claim arises, in part, out of breaches of contract and breaches of the covenant of good faith and fair dealing by Defendant Kopin, among other causes of action asserted herein.

### THE PARTIES

      2.     BlueRadios is a corporation organized under the laws of the State of Colorado with its principal place of business at 8310 S. Valley Highway, Suite 275, Englewood, Colorado 80112.

      3.     Kopin is a corporation organized under the laws of the State of Delaware. Kopin maintains a principal place of business at 125 North Drive, Westborough, Massachusetts 01581.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court arises under the laws of the United States, 28 U.S.C. § 1332(a) (diversity), in that the amount in controversy concerns, among other damages, royalties in excess of $75,000 and up to $7.8 million ($7,800,000) dollars, exclusive of costs and interest, and the action is between citizens of different states.

5.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

6.      Defendant Kopin is directly advertising, importing, offering for sale, selling and/or shipping products utilizing BlueRadios Technology, as defined below, to and in this district and regularly conducts business in this district, and is thereby purposefully availing itself of the privilege of conducting activities in this forum.  In addition, the majority of the services performed pursuant to the agreements and covenants between BlueRadios and Kopin, and other acts identified herein, have been performed in this district.

## GENERAL ALLEGATIONS

7.      BlueRadios is a wireless data and voice communications company that designs and develops wireless hardware and software end-to-end networking solutions within the radio frequency (RF) spectrum.  BlueRadios provides products and services to a variety of customers, and has performed work for clients in the aerospace, defense, industrial, media and consumer markets.  Through 15 years of research, design, development and innovation, BlueRadios has become recognized as a leading supplier of embedded wireless protocols, modules, products and as a systems integrator of wireless networks.

8.      BlueRadios has contributed to inventions in the field of wireless protocols, data, modules and products, and has multiple pending and issued patents in these fields.

2

9.      Kopin Corporation is in the business of supplying micro-displays and small optical devices, primarily for sale to the consumer markets.

10.      In about February 2006, Kopin approached BlueRadios regarding a potential joint venture, and requested a demonstration of technology previously developed by BlueRadios. Shortly thereafter, BlueRadios and Kopin entered into a mutual non-disclosure agreement, dated February 14, 2006, and then began a series of conversations and ultimately a meeting at Kopin's corporate offices on April 10, 2006. During the meeting, BlueRadios demonstrated its confidential and proprietary technology to Kopin, which included wirelessly streaming video from a mobile communication device to a micro-display, and which Kopin expressed great interest in. BlueRadios also provided Kopin with detailed information regarding potential commercialization of embedded wireless technologies and future technology enhancements to existing micro-display products at this meeting. Mr. John Fan, President, CEO and Chairman of the Board of Kopin, Dr. Hong Choi, Kopin's Chief Technology Officer, Dr. Bor-Yeu Tsaur, Kopin's Executive Vice President of Display Operations, and Mr. Jeff Jacobsen, senior advisor to Kopin, all attended the April 10, 2006 meeting, along with four other employees of Kopin.

11.      Following the demonstration of BlueRadios' confidential and proprietary technology, Kopin asked BlueRadios to develop a wireless design solution, which would include both hardware and software, and which had previously not been developed by Kopin. Kopin further invited BlueRadios to propose terms of a joint venture with Kopin to develop and commercialize micro-display products having embedded wireless technology. Upon information and belief, Kopin required BlueRadios' confidential and proprietary technology to develop a high-performance, lightweight, hands-free wireless headset, and which Kopin had interest in jointly developing with BlueRadios.

3

**Joint Venture Agreement**

12.    In May 2007, BlueRadios prepared a detailed proposal for the joint venture with Kopin entitled "Golden-i Wireless Video Design Solution" and sent the proposal to Kopin that same month. The May 2007 proposal identified no less than 11 discrete objectives relating to embedded firmware/hardware design and development, and contained information that was and is considered proprietary and confidential to BlueRadios, which was conveyed to Kopin in the proposal:

> "THIS *BLUETOOTH DESIGN PROPOSAL* FOR **KOPIN** CONTAINS *Blue*RADIOS INCORPORATED, CONFIDENTIAL AND/OR PROPRIETARY INFORMATION AND SHOULD NOT BE DISCLOSED TO ANY PARTY OTHER THAN AUTHORIZED PERSONNEL OF KOPIN . . . **KOPIN** AND *Blue*RADIOS INCORPORATED SHALL NOT USE EACH OTHERS CONFIDENTIAL INFORMATION FOR ANY PURPOSE OTHER THAN THE PURPOSE CONTEMPLATED HEREIN AND SHALL USE THE SAME DEGREE OF CARE TO AVOID UNAUTHORIZED DISCLOSURE AND UNAUTHORIZED USE OF SUCH CONFIDENTIAL INFORMATION AS THEY EMPLOY WITH RESPECT TO THEIR OWN CONFIDENTIAL INFORMATION, AND AT A MINIMUM TO EXERCISE REASONABLE CARE AND TO PERMIT AUTHORIZED DISCLOSURE ONLY ON A NEED TO KNOW BASIS."

13.    The May 2007 proposal additionally included a section titled "VII. Intellectual Property (IP) Ownership" and provided that BlueRadios would continue to have complete ownership of all intellectual property rights in technology developed by BlueRadios before the start of the proposal, or developed by BlueRadios outside the scope of the proposal. Section VII of the May 2007 proposal also provided that any intellectual property rights developed by BlueRadios under the proposal would be owned jointly by BlueRadios and Kopin.

14.    Section V of the May 2007 proposal set forth "Design and Intellectual Property Royalties" owed by Kopin to BlueRadios, which was based upon "mutually defining a baseline Golden-i product specification."  Under Section V, BlueRadios was also to "deliver[ing] suitable pre-production product samples to support technology demonstration" by Kopin. This Section

further included a royalty schedule, based on total number of unit sales, and specified a $7.8M royalty "cap."

15.     The May 2007 proposal was accepted, agreed to, and executed by Kopin's Chief Financial Officer, Mr. Richard Sneider, on May 31, 2007. The May 2007 proposal was subsequently referred to and treated by both BlueRadios and Kopin as the "Contract."

16.     Pursuant to the Contract, BlueRadios engaged in considerable research and development, product design, product engineering and validation efforts. Ultimately, BlueRadios was successful in developing technology pursuant to the Contract with Kopin that would provide the agreed-upon product samples to Kopin. As a result, BlueRadios incurred significant expense in furtherance of the parties' joint venture, so that the parties could produce a voice-activated, wireless, hands-free micro-display product for use with a headset computer. The technology developed by BlueRadios for Kopin throughout the parties' joint venture is referred to herein as the "BlueRadios Technology."

17.     From approximately June 2007 through September 2008, BlueRadios continued its work and development of the BlueRadios Technology to achieve the 11 objectives laid out in the Contract.  During this same time period, Kopin paid BlueRadios $35,000 as a retainer on a monthly basis, as specified in the Contract.

18.     In October 2008, BlueRadios and Kopin ratified and renewed their Contract by entering into a Contract Addendum, which modified Section V, the royalty payment section of the original Contract, whereby Kopin agreed to pay BlueRadios a fixed $2/unit royalty, regardless of number of unit sales, up to $7.8M in total royalties.

19.     Under the Contract Addendum, BlueRadios further agreed to provide 10 prototype printed circuit board assemblies, as soon as those prototypes could be prepared, for use by Kopin

at an upcoming trade show. These prototype board assemblies were to be based upon a recently released Texas Instruments ("TI") OMAP processor in order to meet Kopin's desired schedule, power consumption and processing requirements.

20.     In addition, as part of the Contract Addendum and in exchange for waiving the $35,000 monthly retainer and paying the direct hardware costs, BlueRadios was provided certain marketing and sales rights to the jointly developed Golden-i products.

21.     The Contract Addendum further states that, except as modified by the addendum, the original Contract continued in full force and effect. The Contract Addendum was signed by Mr. Fan, Kopin's President and CEO, on October 22, 2008.

22.     At no time has Kopin informed BlueRadios that it was terminating or electing not to renew either the original Contract or the Contract Addendum. Furthermore, Kopin has not approached BlueRadios regarding suspending or modifying the terms of performance under any agreements with BlueRadios since the date the Contract Addendum was executed.

23.     The 10 prototype printed circuit board assemblies were prepared by BlueRadios, at its own expense, and were successfully delivered to Kopin on March 25, 2009. These prototypes were fully functional (*i.e.*, operational) and were delivered at the time specified in the Contract Addendum. Following delivery of the 10 prototypes, BlueRadios continued to develop the BlueRadios Technology, including through collaboration with Kopin, as part of the joint venture between the two parties.

**Jointly Developed Intellectual Property Rights**

24.     As a result of this development and collaboration between Kopin and BlueRadios, a number of U.S. and international patent applications were prepared and filed with and/or received by the United States Patent and Trademark Office.  Under the Contract, Kopin was responsible for

the filing and prosecution of all intellectual property, including patent applications, developed in the joint venture between Kopin and BlueRadios. Kopin's obligation to prosecute patent applications on inventions jointly developed by the parties includes a duty to act in good faith.

25.     Although unaware of their existence at the time they were filed, BlueRadios came to learn that at least two provisional applications were prepared and filed by Kopin after the date of the original Contract: (1) U.S. Provisional Patent Application No. 61/010,090, filed on January 4, 2008; and (2) U.S. Provisional Patent Application No. 61/010,177, filed on January 4, 2008. BlueRadios also discovered the existence of another provisional patent application, U.S. Provisional Patent Application No. 60/930,232, which was filed on May 14, 2007.  Provisional Application No. 60/930,232 lists only Kopin employees as inventors, whereas Provisional Application Nos. 61/010,177 and 61/010,090 lists only BlueRadios employees as inventors. The '090, '177 and '232 Provisional Patent Applications all incorporate BlueRadios Technology, include inventions conceived of by BlueRadios' employees, and otherwise disclose and/or claim subject matter developed by and proprietary to BlueRadios.

26.     BlueRadios also learned that a non-provisional patent application was prepared and filed by Kopin, U.S. Patent Application No. 12/152,462, which claims priority to Provisional Application Nos. 61/010,090 and 61/930,232.  From the documents filed in connection with the '462 Patent Application, it appears that John Sample and Wilfred Tucker, both employees of BlueRadios, were initially identified as inventors.  The '462 Patent Application incorporates BlueRadios Technology, includes inventions conceived of by BlueRadios' employees, and otherwise contains subject matter developed by and proprietary to BlueRadios.

27.     A first continuing non-provisional patent application (which claims priority to the '462 Patent Application) was filed by Kopin on January 5, 2009, and is identified as U.S. Patent

Application No. 12/348,627. This '627 Patent Application claims priority to Provisional Patent Application No. 61/010,177.   This continuation in part application names both Kopin and BlueRadios inventors, and has now issued as U.S. Patent No. 8,355,671, dated January 15, 2013. The '627 Patent Application and corresponding U.S. Patent No. 8,355,671 incorporate BlueRadios Technology, include inventions conceived of by BlueRadios' employees, and otherwise contain subject matter developed by and proprietary to BlueRadios.

28.     A second continuing non-provisional patent application was filed by Kopin on January 5, 2009, and is identified as U.S. Patent Application No. 12/348,646. This '646 Patent Application claims priority to the three Provisional Patent Applications identified above, as well as the '462 Patent Application.  This filing initially listed both employees from BlueRadios and Kopin as inventors, however, each of the BlueRadios inventors were later removed by Kopin during prosecution before the USPTO.   However, none of the subject matter contributed by BlueRadios' was ever removed from the '646 Patent Application. The '646 Patent Application issued as U.S. Patent No. 8,909,296 on December 9, 2014. The '646 Application and corresponding U.S. Patent No. 8,909,296 incorporate BlueRadios Technology, include inventions conceived of by BlueRadios' employees, and otherwise contain subject matter developed by and proprietary to BlueRadios.

29.     A third continuing non-provisional patent application, U.S. Patent Application No. 14/466,333, was filed by Kopin on August 22, 2014, and claims priority to a host of other patent applications, including the '090 and '232 Provisional Patent Applications, the '462 and '646 Patent Applications identified in paragraphs 27-30 above.  This '333 Patent Application lists only Kopin inventors. Despite Kopin's identification of inventorship, the '333 Application also incorporates

BlueRadios Technology, includes inventions conceived of by BlueRadios' employees, and otherwise contains subject matter developed by and proprietary to BlueRadios.

30.     The above-identified inventions, patent applications, patent publications, and issued patents are collectively referred to herein as the "Kopin-BlueRadios IP".

31.     The BlueRadios Technology, including as embodied in the patents and patent applications listed in paragraphs 25-29 above, does not require the use of a TI-branded OMAP processor, or any specific processor. The use of such a specific processor or processor family is not disclosed by these patents and patent applications, and is not a requirement of the claims contained in these patents and patent applications.

32.     In late 2008, Kopin's Chief Technology Officer sent BlueRadios assignment documents and requested that BlueRadios' employees and inventors assign their rights in the BlueRadios Technology to Kopin.  As BlueRadios rightfully co-owned those rights, pursuant to the original Contract, BlueRadios declined to execute those assignment documents.  BlueRadios has never assigned any of its patent rights to Kopin.

33.     On several occasions, BlueRadios corresponded with Kopin to determine the status of Kopin's commercialization of the Golden-i product. Kopin also corresponded with BlueRadios regarding the parties ongoing development of the Golden-i product and related inventions, including in correspondence with Kopin's patent counsel. Certain correspondence received from Kopin confirmed BlueRadios' inventorship rights to the BlueRadios Technology and Kopin-BlueRadios IP, and in certain instances confirmed that inventors employed by BlueRadios had been left off of patent applications prepared and filed by Kopin's patent counsel.

34.     Despite the years of its design and development work, and corresponding contributions towards the Kopin-BlueRadios IP, BlueRadios had not received notice from Kopin

of the Golden-i product being sold by mid-2014. On August 14, 2014, Will Tucker and Mark Kramer of BlueRadios called Jeff Jacobsen of Kopin to ask whether Kopin had made sales of the Golden-i product. Mr. Jacobsen stated that Kopin had made some sales of the Golden-i product, but asserted Kopin was not using a TI-branded OMAP processor in Kopin's products, and further asserted that the Contract and Contract Addendum between BlueRadios and Kopin was limited to a Golden-i product that incorporated a TI-branded OMAP processor. This telephone conversation was the first time any person employed by Kopin had informed BlueRadios the Golden-i product had been sold. This conversation was also the first time anyone from Kopin had told BlueRadios that Kopin refused to pay royalties because the Golden-i products did not incorporate a TI branded OMAP processor.

### Launch of Golden-i

35.     Following the conversation with Mr. Jacobsen, BlueRadios investigated Kopin's recent activity and discovered that Kopin had begun marketing and offering to sell Golden-i products that incorporated BlueRadios Technology, including with OMAP processors as BlueRadios had provided with the initial prototypes supplied to Kopin. BlueRadios later discovered that Kopin had announced the release of a voice-activated, wireless, hands-free micro-display product, which was named Solos™. Upon information and belief, the Solos™ products resulted from the Golden-i joint venture between BlueRadios and Kopin, and incorporate BlueRadios Technology and the Kopin-BlueRadios IP. Upon information and belief, additional Golden-i products that are currently being marketed and sold by Kopin, which incorporate the Kopin-BlueRadios IP and BlueRadios Technology, and have either been licensed to or supplied to third parties by Kopin.

36.     During its investigation of Kopin's actions, including the preparation and filing of patent applications directed to the Golden-i products, BlueRadios also learned of several patent applications filed on behalf of Kopin listing Mr. Christopher Parkinson as a named inventor.  These applications include at least: the '090 Provisional Application, the '646 Patent Application, the '333 Patent Application, and also U.S. Patent Application Nos. 12/152,642, 14/807,543, 12/774,179 and U.S. Provisional Application Nos. 61/176,662 and 61/237,884.

37.     Mr. Parkinson had been employed by BlueRadios until approximately June 2009, and had worked with and had access to confidential and proprietary information belonging to BlueRadios, including the BlueRadios Technology. Pursuant to written agreements between BlueRadios and Mr. Parkinson, all inventions created by Mr. Parkinson during his employment with BlueRadios were assigned to BlueRadios.  BlueRadios has taken reasonable measures to protect unauthorized disclosure of its confidential and proprietary information, including the BlueRadios Technology.   Among these, BlueRadios required Mr. Parkinson to sign an employment agreement, which Mr. Parkinson did sign.  In that agreement, Mr. Parkinson agreed, even after his employment with BlueRadios had terminated, to, ". . . keep in confidence and trust and will not use or disclose any Proprietary Information or anything relating to it without the prior written consent of an officer of the Company. . .." and that "during or after the term of this employment, not to reveal confidential information, or trade secrets to any person, firm, corporation or entity."

38.     Upon information and belief, Mr. Parkinson left the employment of BlueRadios in 2009 and began working immediately thereafter for Kopin, which employment continued for a period of approximately five years.  Upon information and belief, Mr. Parkinson, without authorization, misappropriated confidential and proprietary information belonging to BlueRadios,

including BlueRadios Technology, and disclosed and used this information in his employment with Kopin.  Upon information and belief, Kopin was aware of Mr. Parkinson's prior employment with BlueRadios, at least through the parties' extensive collaboration and communication pursuant to the Contract and Contract Addendum. Although Mr. Parkinson is listed as an inventor on numerous patents and patent applications for Golden-i products, such patents and patent applications only identify Kopin as an assignee.

39.     Upon information and belief, Kopin has disclosed to others, or allowed others to use, the BlueRadios Technology without permission from or compensation to BlueRadios. Upon information and belief, Kopin has obtained a benefit from the further use and disclosure of BlueRadios Technology and/or the Kopin-BlueRadios IP without consideration to BlueRadios. This unauthorized use and disclosure of BlueRadios' confidential and proprietary information is in violation of both the Contract between BlueRadios and Kopin, as well as the written agreements between BlueRadios and Mr. Parkinson.

## FIRST CLAIM FOR RELIEF
### (Breach of Written Contract – Original Contract and Addendum)

40.     BlueRadios realleges and incorporates by reference the allegations contained in paragraphs 1 through 39.

41.     The original Contract, including as amended by the Contract Addendum, contain terms by which BlueRadios is entitled to receive royalties.

42.     Kopin presently markets and sells products that are royalty-bearing under the original Contract and Contract Addendum.

43.     According to the terms of the Contract, as amended, Kopin is obligated to pay BlueRadios a fixed two ($2) per-unit royalty for each Golden-i product sold, up to $7,800,000 in total royalties.

44.     Kopin has breached the Contract, and Contract Addendum, by failing to pay BlueRadios amounts to which it is entitled, including royalties owed for sales of Golden-i products.

45.     In addition, on information and belief, Kopin has failed to handle prosecution of various patent applications covered by the Contract, including failing to properly identify the true inventors of such patent applications and/or improperly identifying Kopin as the assignee of all right, title and interest thereto.

46.     BlueRadios has duly performed all of the conditions of the Contract and Contract Addendum, other than those conditions, if any, which have been waived by Kopin or excused by Kopin's breaches of the Contract and Contract Addendum.

47.     As a direct and proximate result of Kopin's breaches, BlueRadios has sustained damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
**(Breach of the Covenant of Good Faith and Fair Dealing –
Original Contract and Addendum)**

48.     BlueRadios realleges and incorporates by reference the allegations contained in paragraphs 1 through 47.

49.     The Contract and Contract Addendum contain an implied covenant of good faith and fair dealing. Kopin has breached the covenant of good faith and fair dealing, which precludes a party to a contract from engaging in conduct that will deprive the other party of the benefits of their agreement.

50.     Kopin markets and sells products relying on and incorporating BlueRadios Technology, including, but not limited to, the Golden-i products.

51.     Kopin has intentionally failed to pay to BlueRadios the royalties it is entitled to under the Contract and Contract Addendum.

52.     In addition, Kopin has failed to satisfy its obligations under the Contract and Contract Addendum, including by refusing to identify BlueRadios' inventors on numerous pending and issued patents, which upon information and belief incorporate BlueRadios Technology, and further refusing to acknowledge BlueRadios' co-ownership of the same.

53.     BlueRadios has duly performed all of the conditions of the Contract and Contract Addendum, other than those conditions, if any, which have been waived by Kopin or excused by Kopin's breaches of the contract and Contract Addendum.

54.     As a direct and proximate result of Kopin's breaches of the covenant of good faith and fair dealing, BlueRadios has sustained damages in an amount to be proven at trial.  BlueRadios is also entitled to recover punitive damages because Kopin has intentionally and willfully undertaken actions with a conscious disregard of the rights of BlueRadios, including the intentional withholding of royalty payments.

### THIRD CLAIM FOR RELIEF
**(Breach of Fiduciary Duty)**

55.     BlueRadios realleges and incorporates by reference the allegations contained in paragraphs 1 through 54.

56.     BlueRadios and Kopin were joint venturers in the development of the Golden-i products, as specified under the Contract.

57.     As a partner in the joint venturer, Kopin was acting as a fiduciary of BlueRadios.

58.     Kopin breached its fiduciary duty to BlueRadios through intentionally failing to pay to BlueRadios the royalties it is entitled to under the Contract and Contract Addendum.

59.     In addition, Kopin breached its fiduciary duty by refusing to identify BlueRadios' inventors on numerous patent applications and issued patents, which upon information and belief

incorporate BlueRadios Technology, and further refusing to acknowledge BlueRadios' co-ownership of the same.

60.     As a result of Kopin's actions, BlueRadios has suffered damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### (C.R.S. §§ 7-74-101, et seq. – Misappropriation of Trade Secrets)

61.     BlueRadios realleges and incorporates by reference the allegations contained in paragraphs 1 through 60.

62.     Kopin acquired information constituting trade secrets under C.R.S. § 7-74-102(4), including, but not limited to, confidential and proprietary information belonging to BlueRadios.

63.     During his employment with BlueRadios, Mr. Christopher Parkinson also acquired information constituting trade secrets under C.R.S. § 7-74-102(4), including, but not limited to, confidential and proprietary information in the form of hardware, firmware and software designs, product architecture, methods, processes, procedures and market/business intelligence belonging to BlueRadios.

64.     BlueRadios viewed this information as its trade secrets and took reasonable measures to protect this information and/or limit access to only those authorized to view and use the information.  Blue Radios' trade secrets are not known outside of BlueRadios.

65.     BlueRadios viewed its trade secret information as highly valuable to BlueRadios and made a significant investment to develop and maintain the information as proprietary.

66.     Kopin acquired BlueRadios' trade secret information under circumstances giving rise to a duty to maintain its secrecy and limit its use.

67.     Kopin knew or had reason to know that Mr. Parkinson, as a former employee of BlueRadios, was under a duty not to disclose BlueRadios' trade secrets or use those trade secrets for the benefit of Kopin.

68.     Mr. Parkinson wrongfully possessed BlueRadios' trade secrets.  Upon information and belief, Mr. Parkinson disclosed BlueRadios' protectable trade secrets to Kopin.

69.     Kopin's conduct constitutes misappropriation of BlueRadios' trade secrets, as alleged above, in violation of C.R.S. § 7-74-102.

70.     As a result of Kopin's unlawful actions, BlueRadios has suffered commercial harm. BlueRadios has been and will continue to be irreparably harmed by Kopin's unlawful actions. Kopin's conduct entitles BlueRadios to injunctive relief, damages, and attorneys' fees pursuant to C.R.S. §§ 7-74-103, 104, and 105.

### FIFTH CLAIM FOR RELIEF
### (Violation of Defend Trade Secrets Act)

71.     BlueRadios realleges and incorporates by reference the allegations contained in paragraphs 1 through 70.

72.     Through its course of dealing as joint venturers, BlueRadios disclosed and Kopin obtained access to BlueRadios' confidential trade secret information.

73.     In addition, while employed by BlueRadios, Mr. Parkinson obtained access to BlueRadios' confidential trade secret information. Upon information and belief, Kopin had full knowledge of Mr. Parkinson's existing and continuing contractual obligations owed to BlueRadios as a result of his past employment with BlueRadios.

74.     The trade secret information obtained by Kopin is related to BlueRadios' technology, which is used in or intended for use in both interstate and foreign commerce. Kopin

16

presently is selling products, including the Golden-i product, which incorporate BlueRadios' trade secret information throughout the United States and internationally.

75.     BlueRadios considers the information obtained by Kopin to consist of confidential and proprietary trade secrets, and it has taken reasonable steps to maintain the confidential nature of this information.

76.     Kopin has utilized and is continuing to utilize BlueRadios' confidential, proprietary and trade secret information, including by incorporating the same in the Golden-i products.  In doing so, Kopin is maliciously and willfully using misappropriated, confidential, proprietary, and trade secret information to its own advantage.

77.     As a result of Kopin's ongoing misappropriation and unauthorized use of the confidential, proprietary, and trade secret information, Kopin has violated the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836(b)(1)).

78.     As a direct and proximate result of Kopin's violation of the Defend Trade Secrets Act of 2016, BlueRadios has sustained substantial damages in an amount to be established at trial.

79.     Kopin's actions in converting and misappropriating BlueRadios' confidential, proprietary and trade secret information for their own gain were willful, wanton, and malicious, and were taken with reckless disregard for the rights of BlueRadios.

80.     Kopin's actions have caused and will continue to cause BlueRadios irreparable harm if not preliminary and permanently enjoined.

81.     BlueRadios has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### (Unjust Enrichment)

82.     BlueRadios realleges and incorporates by reference the allegations contained in paragraphs 1 through 81.

83.     Through its course of dealing under the Contract, Kopin acquired confidential and proprietary information belonging to BlueRadios, which was subsequently used in at least the Golden-i product.

84.     Kopin also had full knowledge of Mr. Parkinson's existing and continuing contractual obligations owed to BlueRadios under his employment agreement.

85.     Kopin has and will continue to receive benefits at BlueRadios' expense by and through the above complained-of activities, namely, gaining access to BlueRadios' confidential and proprietary information acquired through the Contract and by Mr. Parkinson while employed with BlueRadios.

86.     Under the circumstances alleged herein, it would be unjust for Kopin to retain any benefits they have derived from BlueRadios without compensation to BlueRadios.  As a result of Kopin's unlawful actions, BlueRadios has suffered commercial harm.  BlueRadios has been and will continue to be irreparably harmed by Kopin's unlawful actions and has no adequate remedy at law.

87.     BlueRadios is entitled to damages, including disgorgement of profits and punitive damages, for Kopin's willful and wanton violation of its rights.

## SEVENTH CLAIM FOR RELIEF
### (Accounting)

88.     BlueRadios realleges and incorporates by reference the allegations contained in paragraphs 1 through 87.

89.     Kopin markets and sells products relying on and incorporating BlueRadios Technology, including, but not limited to, the Golden-i products.  Kopin has intentionally failed to pay to BlueRadios the royalties it is entitled to under the Contract and Contract Addendum.  The breach has deprived BlueRadios of royalties, which it otherwise would have received and resulted

in the unjust enrichment of Kopin at the expense and to the detriment of BlueRadios. Kopin's actions have resulted in improper profits, revenues, and other financial gains to Kopin for which Plaintiff, in equity and good conscience, is rightfully entitled to reimbursement.

90.     BlueRadios does not know the precise number of products sold or the amount of revenue and profits realized by Kopin, which information is uniquely within the knowledge of Kopin.  BlueRadios is, therefore, entitled to an accounting, at Kopin's expense, to determine the amount of profits Kopin have unjustly obtained by their acts of infringement.

## EIGHTH CLAIM FOR RELIEF
### (Correction of Inventorship – 35 U.S.C. §§ 116 and 256)

91.     BlueRadios realleges and incorporates by reference the allegations contained in paragraphs 1 through 90.

92.     Employees of BlueRadios, including but not limited to Mr. John Sample, Mr. Mark Kramer, Mr. Randall Jones and Mr. Wilfred Tucker, made a significant contribution to the conception of the claims of at least the following applications and issued patents:

- U.S. Provisional Patent Application No. 61/010,090

- U.S. Provisional Patent Application No. 60/930,232

- U.S. Provisional Patent Application No. 61/176,662

- U.S. Provisional Patent Application No. 61/237,884

- U.S. Patent Application No. 12/152,642, which issued as U.S. Patent App. Pub. No. 2009/0117890

- U.S. Patent No. 8,909,296, which issued from U.S. Patent Application No. 12/348,646 and U.S. Patent App. Pub. No. 2009/0251409.

- U.S. Patent Application No. 14/466,333, which issued as U.S. Patent App. Pub. No. 2014/0368412.

- U.S. Patent Application No. 14/807,543

- U.S. Patent Application No. 12/348,646

- U.S. Patent Application No. 12/774,179

93.     At least the applications and issued patents in Paragraph 92 have failed to add, or omit, certain employees of BlueRadios, including Messrs. Sample, Kramer, Jones and Tucker, as inventors.

94.     Because employees of BlueRadios, including Messrs. Sample, Kramer, Jones and Tucker, are inventors of at least the applications and issued patents in Paragraph 92, BlueRadios is entitled to an order directing the U.S. Patent and Trademark Office to add certain employees of BlueRadios, including Messrs. Sample, Kramer, Jones and Tucker, as named inventors to the patent applications identified in paragraph 92, among others.

95.     BlueRadios requests the Court issue an order directing the U.S. Patent and Trademark Office to issue a certificate correcting the inventorship of the patent applications and issued patents in Paragraph 92 which adds at least employees of BlueRadios, including Messrs. Sample, Kramer, Jones and Tucker, who are determined to be inventors of the inventions disclosed therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BlueRadios prays for judgment in its favor and against Kopin Corporation as follows:

A.     On the First Claim for Relief, that judgment be entered against Kopin for breach of the Contract and Contract Addendum, including for failure to pay royalties on all sales of the Golden-i product(s), and that BlueRadios be awarded damages against Kopin, plus accrued interest thereon and punitive damages; and

B.     On the Second Claim for Relief, that judgment be entered against Kopin for breach of the covenant of good faith and fair dealing and that BlueRadios be awarded damages against Kopin, plus accrued interest thereon and punitive damages; and

C.     On the Third Claim for Relief, that judgment be entered against Kopin for breach of its fiduciary duty to BlueRadios and that BlueRadios be awarded damages against Kopin resulting from that breach; and

D.     On the Fourth Claim for Relief, that judgment be entered against Kopin for misappropriation of BlueRadios' trade secrets and confidential information and BlueRadios be awarded injunctive relief, damages and attorneys' fees pursuant to C.R.S. §§ 7-74-103, 104, and 105; and

E.     On the Fifth Claim for Relief, that judgment be entered against Kopin for misappropriation of BlueRadios' trade secrets and confidential information in violation the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836(b)(1)) and BlueRadios be awarded treble damages and injunctive relief thereon;

F.     On the Sixth Claim for Relief, that judgment be entered against Kopin for unjust enrichment and that BlueRadios be awarded damages, including disgorgement of profits, injunctive relief and punitive damages, as a result of Kopin's conduct complained of herein;

G.     On the Seventh Claim for Relief, that judgment be entered against Kopin and ordering an accounting, at Kopin's sole expense, on sales of the Golden-i products and any other products incorporating the BlueRadios Technology or the Kopin-BlueRadios IP.

H.     On the Eighth Claim for Relief:

1.     An Order to the Director of the United States Patent and Trademark Office to issue a Certificate of Correction adding employees of BlueRadios, including John Sample, Mark Kramer, Randall Jones and Wilfred Tucker, that are determined to be named inventors and removing any named inventors incorrectly identified, for at least the following patent applications:

- U.S. Provisional Patent Application No. 61/010,090

- U.S. Provisional Patent Application No. 60/930,232

- U.S. Provisional Patent Application No. 61/176,662

- U.S. Provisional Patent Application No. 61/237,884

- U.S. Patent Application No. 12/152,642, which issued as U.S. Patent App. Pub. No. 2009/0117890

- U.S. Patent No. 8,909,296, which issued from U.S. Patent Application No. 12/348,646 and U.S. Patent App. Pub. No. 2009/0251409.

- U.S. Patent Application No. 14/466,333, which issued as U.S. Patent App. Pub. No. 2014/0368412.

- U.S. Patent Application No. 14/807,543

- U.S. Patent Application No. 12/348,646

- U.S. Patent Application No. 12/774,179

2.      Ordering Kopin to correct the assignment records of the Kopin-BlueRadios IP to reflect co-ownership with BlueRadios, and any other patent applications or issued patents, domestically or internationally, which are determined to be co-owned by BlueRadios and Kopin.

I.      On all Claims for Relief:

1.      That BlueRadios be awarded its costs of suit;

2.      That BlueRadios be awarded its attorneys' fees;

3.      That BlueRadios be awarded prejudgment interest; and

4.      That the Court grant such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff BlueRadios requests a jury trial on all issues so triable.

DATED:  August 12, 2016                      Respectfully submitted,

                                            By:   s/Ian R. Walsworth
                                                  Joseph Kovarik
                                                      jkovarik@sheridanross.com
                                                  Ian R. Walsworth
                                                      iwalsworth@sheridanross.com
                                                  Patricia Y. Ho
                                                      pho@sheridanross.com
                                                  SHERIDAN ROSS P.C.
                                                  1560 Broadway, Suite 1200
                                                  Denver, Colorado 80202-5141
                                                  Telephone:    303-863-9700
                                                  Facsimile:    303-863-0223
                                                  E-mail:       litigation@sheridanross.com


                                                  David B. Seserman
                                                  BROSSEAU   BARTLETT   SESERMAN,
                                                  LLC
                                                  6455 S. Yosemite Street, Suite 750
                                                  Greenwood Village, CO 80111
                                                  Telephone:    303-515-2482
                                                  Facsimile:    303-812-1212
                                                  E-mail:       dseserman@bbs-legal.com

                                                  ATTORNEYS FOR PLAINTIFF
                                                  BLUERADIOS, INC.