IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-02052-JLK

BLUERADIOS, INC.,
a Colorado corporation,

    Plaintiff,

v.

KOPIN CORPORATION, INC.,
a Delaware corporation,

    Defendant.

___

**ORDER GRANTING IN PART PLAINTIFF'S
MOTION CHALLENGING PRIVILEGE LOGS (ECF NO. 354)**
___

Kane, J.

    Before me is Plaintiff BlueRadios, Inc.'s ("BlueRadios") Motion Challenging Privilege Logs (the "Motion," ECF No. 354). I have carefully reviewed the logs and have considered the Motion, Defendant Kopin Corporation, Inc.'s ("Kopin") Response (ECF No. 360), and BlueRadios' Reply (ECF No. 363). The motion is granted in part and denied in part. Although I agree the privilege logs are insufficient, I find the relief BlueRadios seeks inappropriate. Consequently, Kopin is ordered to cure the deficiencies identified below so that any further efforts at conferral will be more productive.

BACKGROUND

    Early in this litigation, I approved and entered a Stipulation and Protective Order (the "Protective Order," ECF No. 46), governing discovery of confidential materials. According to the Protective Order, confidential materials are to be designated as CONFIDENTIAL, and highly

1

confidential materials are to be designated as ATTORNEYS' EYES ONLY ("AEO"). Stipulation & Protective Order ¶ 2. Documents designated as AEO may only be disclosed to limited groups of people such as the attorneys and court personnel, although they can be disclosed to others when "agreed to by the parties in writing or as permitted by the Court." *See* Stipulation and Protective Order ¶ 7. After the Protective Order was entered, discovery commenced. However, the parties now dispute two aspects of Kopin's production.

First, Kopin withheld numerous documents and other discoverable materials as protected by the attorney-client privilege and the work product doctrine. It also clawed back documents as protected in May 2018, March 2020, and May 2020. *See* Seserman Decl. ¶¶ 4-5, ECF No. 354-1. Of the documents clawed back, 233 were documents that had been produced by Kopin's law firm Hamilton, Brook, Smith & Reynolds, P.C. ("HBSR"). Mot. Challenging Privilege Logs at 3. Two documents were redacted. 4/17/2020 Privilege Log at 6, 11, ECF No. 354-2. BlueRadios asserts Kopin failed to produce appropriately detailed privilege logs of the items withheld, clawed back, and redacted. As a result, BlueRadios argues it is unable to evaluate the logs to determine whether documents were properly withheld from discovery.

Second, Kopin produced many documents it designated as AEO as provided by the Protective Order. In the interest of compromise, Kopin agreed to permit BlueRadios' President, Mark Kramer, to review a large subset of those documents. BlueRadios argues that Kopin improperly designated these documents AEO, but it does not specify what is improper about the designations.

Based on these discovery disputes, BlueRadios asks me to (1) order production of all documents identified in Kopin's privilege logs and (2) reclassify all documents identified as AEO.

LEGAL STANDARDS

Colorado law governs assertions of the attorney-client privilege in this case because jurisdiction is based on diversity of citizenship. *Frontier Ref., Inc. v. Gorman–Rupp Co., Inc.*, 136 F.3d 695, 699 (10th Cir. 1998); *see also* Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). The privilege, codified at C.R.S. § 13-90-107(1)(b), protects "confidential matters communicated by or to the client in the course of obtaining counsel, advice, or direction with respect to the client's rights or obligations." *People v. Madera*, 112 P.3d 688, 690 (Colo. 2005) (citation omitted). The purpose of the privilege is to encourage clients to confide in their attorneys. It therefore applies only "to statements made in circumstances giving rise to a reasonable expectation that the statements will be treated as confidential." *Lanari v. People*, 827 P.2d 495, 499 (Colo. 1992).

Federal law governs application of the work product doctrine. The doctrine exempts materials prepared in anticipation of litigation or for trial from discovery, unless (1) they are nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case and (2) the requesting party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(1), (3)(A).

The burden of establishing the applicability of either the attorney-client privilege or the work product doctrine is on the party resisting disclosure. *F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1276 n.6 (10th Cir. 1998). That party "cannot sustain [its] burden simply by asserting that withheld materials contain privileged or protected information." *Plaza Ins. Co. v. Lester*, No. 14-cv-01162-LTB-CBS, 2015 WL 3528336, at *5 (D. Colo. June 4, 2015) (citing *United Pac.*

*Ins. Co.*, 152 F.3d at 1276 n.6). Whether a resisting party is asserting the attorney-client privilege or the work product doctrine, any underlying and otherwise unprivileged facts are not protected from disclosure. *Gordon v. Boyles*, 9 P.3d 1106, 1123 (Colo. 2000) ("otherwise unprivileged facts that are incorporated into a client's communication" are not protected by attorney-client privilege); *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product.").

Federal Rule of Civil Procedure 26(b)(5) directs litigants to invoke attorney-client privilege and work product protection by means of a privilege log that identifies documents withheld and explains the basis for the claim. *Alcon v. Spicer*, 113 P.3d 735, 741-42 (Colo. 2005). A party who withholds discoverable information on either of those grounds must "describe the nature of the documents, communications, or tangible things not produced or disclosed." Fed. R. Civ. P. 26(b)(5)(A). "The documents must be described in the log with sufficient detail so that the opposing party and, if necessary, the trial court can assess the claim of privilege as to each withheld communication." *Alcon*, 113 P.3d at 742; *see also Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, 297 F.R.D. 611, 615 (D. Kan. Feb. 28, 2014) (The party asserting a privilege or protection "must make a clear showing and describe in detail the documents or information to be protected and provide precise reasons for the objection to discovery." (internal quotation marks omitted) (citation omitted)). Ordinarily, the assertion "must be claimed with respect to each specific communication." *See Wesp v. Everson*, 33 P.3d 191, 197 (Colo. 2001).

DISCUSSION

BlueRadios' challenges to Kopin's discovery withholdings and confidentiality designations are sweeping, as is BlueRadios' requested relief. First, it argues Kopin's privilege logs are not sufficient to properly assert a basis for withholding discoverable information. Second, BlueRadios challenges the propriety of the attorney-client privilege and work product designations of privilege contained in the allegedly deficient logs. Third, it asserts Kopin has inappropriately designated documents as highly confidential, or "AEO," and that all such documents are properly classified as CONFIDENTIAL. As I explain below, I agree that Kopin's privilege logs are deficient and that Kopin must provide clarity on the scope of its AEO designations. Without additional detail from Kopin or a more granular analysis from BlueRadios, however, I cannot evaluate BlueRadios' challenges as to the propriety of Kopin's privilege or AEO designations. I disagree with BlueRadios that appropriate resolution of this matter is broad disclosure of all documents without further analysis. Instead, as set forth below, Kopin must revise its privilege log to include sufficient detail and provide more clarity regarding the scope of its AEO designations.

*Kopin's Challenged Privilege Logs*

BlueRadios contends Kopin has not met its initial burden of establishing the applicability of its claimed privileges and protections because its "logs are conclusory in nature with vague description[s] of the basis for the attorney-client and/or work product assertions." Mot. Challenging Privilege Logs at 2. Kopin defends the sufficiency of its logs, arguing that it has met its initial burden of detailing a sufficient basis for its designations and, consequently, it is now

5

BlueRadios' burden to establish waiver of the attorney-client privilege or to otherwise challenge the designations.

I agree that Kopin's privilege logs are inadequate. The logs are disjointed and, at times, glaringly deficient: They fail to describe the nature of many documents, *see* Nov. 2017 Privilege Log at 1, ECF No. 354-2 (182 pages of Xcel spreadsheets without description of contents or basis for privilege); they contain references to attachments without describing the content or nature of the attachments, *see* Apr. 17, 2020 Privilege Log at 2, ECF No. 354-3; and some entries fail to provide a date, an author, *or* an adequate description, *see id.* at 2, 7, 9 (undated "attorney work product pertaining to contracts" with no subject or author). In short, many of the entries do not provide sufficient detail for BlueRadios—or the me, should it come to that—to "assess the claim of privilege as to each withheld communication." *Alcon*, 113 P.3d at 742. Thus, Kopin has not met its initial burden of describing its privileged documents with sufficient detail.[1]

As it prepares a unified privilege log, I remind Kopin that I have previously carved out an exception to the privilege as it applies to Kopin's communications with HBSR:

> [T]he attorney-client privilege does not protect from discovery by BlueRadios communications [with HBSR] related to the parties' common interest, and that is the agreement which they reached and *everything emanating from it, including but not limited to the Golden-i patent applications.* The common interest in the Golden-i patent applications is not limited temporally. . . . Anything connected with that cooperative agreement is subject to discovery.

---

[1] Kopin also argues BlueRadios neglected to follow proper procedures when challenging its privilege logs by, *inter alia*, failing to engage in the "meaningful negotiations" required by Local Rule 7.1(a)'s meet-and-confer requirement. D.C.COLO.LCivR 7.1(a). According to Kopin, it attempted to resolve this dispute by repeatedly seeking clarification regarding BlueRadios' challenges to particular documents or specific log entries, but BlueRadios refused to provide any clarification. Opp. to Mot. Challenging Privilege Logs at 1. But any attempt by BlueRadios to raise specific challenges was clearly hampered by the lack of sufficient detail in the logs.

April 6, 2018 Tr. 17:24-18:13 (emphasis added) (oral ruling on BlueRadios' Motion to Compel Production of Information Relating to all "Golden-i Progeny" (ECF No. 58)).

In other words, the common interest reflected in the cooperative agreement between BlueRadios and Kopin extends to contract negotiations and licensing agreements with third parties as long as they concern Golden-i intellectual property or its progeny, including all wireless head-mounted devices. The parties developed the initial Golden-i technology together. HBSR assisted the parties in this common undertaking by preparing, filing, and perfecting the parties' jointly held rights in patent applications. By so doing, HBSR was acting as attorney for both parties. At that point, it became incumbent upon HBSR to act in the best interests of BlueRadios in relation to the Golden-i technology protected by the patent applications. Consequently, any attorney-client communications between Kopin and HBSR within the scope of Kopin's efforts to monetize its interests in Golden-i intellectual property with third parties are not privileged as they pertain to BlueRadios. Kopin has not, however, waived its privilege as to confidential communications outside the scope of the parties' common interests or by merely copying HBSR on emails to other counsel.

*Kopin's AEO Designations Under the Protective Order*

The parties also dispute the scope of Kopin's AEO designations. Kopin's communications regarding its confidentiality designations are less than pellucid. Kopin has, on many occasions, agreed to allow Mr. Kramer to review documents designated as AEO. *See* Opp. to Mot. Challenging Privilege Logs at 8 n.3 (referencing approximately 300 documents produced by HBSR that Kopin agreed could be shared with Mr. Kramer); Dalton Decl. Ex. A at 2, ECF No. 360-2 (Kopin permitted Mr. Kramer "to review specific AEO designated documents on a

case-by-case, as[-]requested basis."). However, the parties cannot agree about which AEO documents Kopin agreed to share with Mr. Kramer. To dispel any confusion, Kopin shall include in its revised privilege log all items designated as AEO that Mr. Kramer is not permitted to review.

Kopin asserts BlueRadios failed to follow the parties' agreed-upon procedures for challenging the designation of highly confidential documents. The Protective Order requires a party to "initiate the dispute resolution process providing written notice of each designation it is challenging and describing the basis for each challenge." Stipulation & Protective Order ¶ 15. The Protective Order's dispute resolution process is not as simplistic as Kopin suggests. In addition to the requirements mentioned above, "the challenging Party may [also] file a motion challenging a confidentiality designation at any time if there is good cause for doing so." *Id.* The lack of consensus regarding the scope of disclosure to Mr. Kramer constitutes good cause for BlueRadios' motion challenging Kopin's confidentiality designations.

## CONCLUSION

To the extent BlueRadios' Motion Challenging Kopin's Privilege Logs (ECF No. 354) can be construed as one to compel a more complete privilege log, the Motion is GRANTED IN PART for the reasons provided herein. In all other respects, the Motion is DENIED WITHOUT PREJUDICE. It is FURTHER ORDERED:

1. Kopin shall submit a unified privilege log to BlueRadios on or before August 11, 2022, in compliance with the terms of this Order.

2. Kopin's unified log is to include all AEO-designated documents that Kopin has not permitted Mr. Kramer to review.

3. Following receipt of the unified log, the parties shall meet and confer regarding any remaining challenges on or before September 12, 2022.

4. If the parties are unable to resolve their disputes without judicial intervention, they are to submit a Joint Statement within fourteen days of the meeting, describing their conferral efforts and the outstanding points of disagreement. At that time, I will consider whether a hearing and/or an in camera review is appropriate.

5. Any documents containing communications with HBSR that were improperly designated as attorney-client privileged shall be disclosed to BlueRadios within thirty (30) days after service of the unified privilege log.

DATED this 12th day of July, 2022.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE