IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02052-JLK

BLUERADIOS, INC.,

    Plaintiff,

v.

KOPIN CORPORATION,

    Defendant.

**PLAINTIFF BLUERADIOS, INC.'S REPLY TO DEFENDANT KOPIN CORPORATION'S OPPOSITION TO BLUERADIOS' MOTION *IN LIMINE* NO. 3 TO PRECLUDE DEFENDANT FROM CALLING AS A WITNESS ANY PERSON NOT IDENTIFIED IN RULE 26(a) DISCLOSURES**

Plaintiff BlueRadios, Inc. ("BlueRadios") submits this Reply to Defendant Kopin Corporation's ("Kopin") Opposition to BlueRadios' Motion *in Limine* No. 3 to preclude Kopin from calling as a witness any person not identified in its disclosures pursuant to Federal Rule of Civil Procedure 26(a) ("Rule 26") (ECF No. 556). Rule 26(a) requires disclosure of fact witnesses and 26(e) requires supplementation of those disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i), 26(e). The Court should exclude those witnesses from testifying at trial that were not disclosed pursuant to Rule 26(a). *See* Fed. R. Civ. P. 37(c)(1). The Court should preclude Kopin from calling at trial any witness not identified in its Rule 26(a), including Messrs. Costa, Hermann, and Murray, because permitting their testimony will prejudice BlueRadios.

## I. THE COURT SHOULD PRECLUDE KOPIN FROM CALLING MESSRS. COSTA, HERMANN, AND MURRAY AS WITNESSES AT TRIAL

Despite the appearance of Messrs. Costa and Hermann in documents produced in discovery as early as at least May 14, 2018 (*see* ECF No. 556 at 3), Kopin did not supplement its Rule 26 disclosures to include them as fact witnesses. Kopin argues that the Court should permit testimony at trial from Messrs. Costa, Hermann, and Murray because their names appeared on documents produced by both parties in discovery. But "knowledge of the existence of a person is distinctly different from knowledge that the person will be relied on as a fact witness." *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments*, LLC, No. 10–cv–02516–WJM–KLM, 2014 WL 2933189, at *2 (D. Colo. Jun. 30, 2014).

Kopin's argument that BlueRadios should have been on notice that Messrs. Hermann and Costa would be fact witnesses at trial without being properly disclosed would "attribute an uncanny level of prescience to [BlueRadios]." *Id.* (refusing testimony by fact witnesses not

2

disclosed until proposed pretrial order because disclosure of witnesses' identities in documents produced by both parties was insufficient to give defendant fair notice that they would be called to testify at trial); *Jama v. City & Cnty. of Denver*, 280 F.R.D. 581, 584 (D. Colo. 2012) (excluding witnesses named in untimely disclosure because witnesses' appearance in defendant's own document production was insufficient to notify defendant that witnesses would be called to testify at trial). This is especially true as to Mr. Murray, who did not work for Kopin at the time of the events that are at issue in this case.

### A. Kopin's Failure to Disclose Messrs. Costa, Hermann, and Murray was Not Substantially Justified or Harmless

Fact discovery in this case closed on March 1, 2023. Kopin first disclosed Messrs. Costa, Hermann, and Murray as fact witnesses when the parties filed their proposed pretrial order, six months later, on August 18, 2023 (ECF No. 499). BlueRadios will suffer prejudice if the Court admits testimony from Messrs. Costa, Hermann, and Murray at trial because Kopin's failure to identify them as fact witnesses caused BlueRadios not to depose Messrs. Costa, Hermann, or Murray, and their devices and accounts were never subject to a litigation hold nor searched. *See D.L. v. Unified School Dist. No. 497*, 270 F.Supp.2d 1217, 1241 (D. Kan. 2002), vacated on other grounds, 392 F.3d 1223 (10th Cir. 2004) (holding "Plaintiffs' failure to make the required disclosures" was prejudicial because it "undermined defendants' ability to conduct discovery as related to the[ ] witnesses"); *Auraria Student Hous. at the Regency, LLC*, 2014 WL 2933189, at \*2 (plaintiff's failure to disclose fact witnesses stripped defendant of its "chance to determine how to utilize its allotted discovery" regarding those witnesses).

Contrary to Kopin's contention, BlueRadios' deposition of Jeffrey Jacobsen that included the use of several documents mentioning Messrs. Costa and Hermann is not a sufficient

3

substitute for deposing Messrs. Costa and Hermann themselves. (*See* ECF No. 556 at 3). Further, BlueRadios' choice not to request that this Court reopen fact discovery (again) so that BlueRadios could depose Messrs. Costa, Hermann, and Murray does not mean BlueRadios is not prejudiced, as Kopin alleges on page 4 of its Opposition, as this case is seven years old and needs to proceed to trial. *See Auraria Student Hous. at the Regency, LLC*, 2014 WL 2933189, at *3 (quoting *Sender v. Mann*, 225 F.R.D. 645, 657 (D. Colo. 2004) ("[t]o suggest that sanctions are not appropriate simply because the trial court can provide a further extension of time or delay the trial would effectively reward [defendant's] non-compliance").

Finally, BlueRadios' request that the Court preclude Kopin from calling as a witness any person not identified in its Rule 26 disclosures is neither vague nor overbroad but rather in line with the Rule's underlying policy goals. "A key policy goal of requiring parties to keep their disclosures current is 'to avoid trial by ambush.'" *Jama*, 280 F.R.D. 584. Kopin already identified witnesses in its proposed pretrial order that it plans to call at trial who were not previously disclosed as fact witnesses pursuant to Rule 26. BlueRadios' request that the Court preclude Kopin from calling additional undisclosed witnesses merely avoids "trial by ambush."

## II.   CONCLUSION

WHEREFORE, for the foregoing reasons as well as those set forth in the underlying Motion, BlueRadios requests that the Court grant BlueRadios' Motion *in Limine* No. 3 and preclude Kopin from calling Messrs. Murray, Costa, and Hermann, and any other person not identified in Kopin's Rule 26 disclosures as witnesses at trial.

4

DATED this 23rd day of October, 2023.

        Respectfully submitted,

        By:    */s/ Stanley M. Gibson*
              Stanley M. Gibson
              sgibson@jmbm.com
              Lena Streisand
              lstreisand@jmbm.com
              JEFFER MANGELS BUTLER & MITCHELL LLP
              1900 Avenue of the Stars, 7th Floor
              Los Angeles, California 90067
              Telephone:    310-203-8080
              Facsimile:     310-712-8548

              David B. Seserman
              dseserman@seserman.law
              SESERMAN LAW LLC
              3900 E. Mexico Ave., Suite 300
              Denver, CO 80210
              Telephone:    303-900-2406
              Facsimile:     303-670-0990

              Joseph E. Kovarik
              jkovarik@sheridanross.com
              SHERIDAN ROSS P.C.
              1560 Broadway, Suite 1200
              Denver, Colorado 80202-5141
              Telephone:    303-863-9700
              Facsimile:     303-863-0223

              ATTORNEYS FOR PLAINTIFF BLUERADIOS, INC.

71649288v1

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in the above-referenced matter.

*/s/ Itzi Munoz*
Itzi Munoz
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone:   (310) 203-8080
E-mail:        imunoz@jmbm.com

6