**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02052-JLK

BLUERADIOS, INC.,

      Plaintiff,

v.

KOPIN CORPORATION, INC.,

      Defendant.

---

## PRETRIAL ORDER

---

### 1.  DATE AND APPEARANCES

The parties appeared for a Pre-Trial Conference in the above-referenced matter before the Honorable John L. Kane on December 6, 2023.

Stanley M. Gibson and Lena Streisand of Jeffer Mangels Butler & Mitchell LLP appeared on behalf of Plaintiff BlueRadios, Inc. ("BlueRadios").

Harvey Bartle IV, Julie Goldemberg, Kandis Gibson, and Evan Ormond of Morgan Lewis & Bockius appeared on behalf of Defendant Kopin Corporation, Inc. ("Kopin").

### 2.  JURISDICTION

Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331 and 1367. This Court has Federal Question Jurisdiction over BlueRadios' claims of Correction of Inventorship (35 U.S.C. §§ 116, 256) and violations of the Defend Trade Secrets Act (18 U.S.C. § 1836(b)(1)). Federal courts have exclusive jurisdiction of any actions arising under any Act of Congress relating to

1

patents. 28 U.S.C. § 1338. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over

BlueRadios' remaining claims for breach of contract, breach of the covenant of good faith and

fair dealing, and trade secret misappropriation under Colorado law.

Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) as this is a

district in which a substantial part of the alleged events or alleged omissions giving rise to

BlueRadios' claims are alleged to have occurred.

### 3.   CLAIMS AND DEFENSES

a.   BlueRadios' statement:

BlueRadios asserts the following claims for relief against Kopin:[1]

(1)   Breach of Written Contract.   BlueRadios claims that Kopin breached the Parties'

contract and contract addendum by failing to pay BlueRadios for products incorporating and

methods employing Golden-i technology, failing to name BlueRadios employees as inventors on

patents protecting Golden-i technology, and incorporating BlueRadios' developments in issued

patents and patent applications without naming BlueRadios as a co-owner, as required by the

---

1. BlueRadios' Complaint included claims for Breach of Fiduciary Duty, Unjust Enrichment, and
Accounting.   In its Complaint, BlueRadios also asserted that it is entitled to unpaid retainer
payments under the Parties' contract, requested punitive damages on its claim for Breach of the
Covenant of Good Faith and Fair Dealing, and sought correction of inventorship on multiple
patent applications.   On July 30, 2019, the Court issued an Order Granting Defendant's Motion
for Partial Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment
(ECF No. 225), in which the Court excluded BlueRadios' argument that it is entitled to unpaid
retainer payments under the Parties' contract.   On August 3, 2022, the Court issued an Order on
Defendant's Motion for Partial Summary Judgment and Plaintiff's Motions for Discovery
Sanctions (ECF No. 382), in which the Court dismissed BlueRadios' claims for Breach of
Fiduciary Duty, Unjust Enrichment, and Accounting, precluded BlueRadios from recovering
punitive damages on its claim for Breach of the Covenant of Good Faith and Fair Dealing, and
dismissed BlueRadios' correction of inventorship claim to the extent it sought correction of
inventorship on patent applications.

contract.[2]   In connection with this claim, BlueRadios asserts that it is entitled to monetary

damages, including but not limited to unpaid royalties and disgorgement of profits, including any

and all financial benefit, both monetary and non-monetary, and such further relief as the Court

orders, consistent with *University of Colo. Found., Inc. v. American Cyanamid Co.*, 153 F. Supp.

2d 1231 (D. Colo. 2001).

     (2)    Breach of the Covenant of Good Faith and Fair Dealing.   BlueRadios claims that

Kopin breached the covenant of good faith and fair dealing implied in the Parties' contract and

contract addendum by excluding BlueRadios' from the benefits and profits of monetization of

Golden-i technology, precluding BlueRadios from enjoying the benefits of Kopin's use and

enjoyment of BlueRadios' technology, and incorporating BlueRadios' developments in issued

patents and patent applications without naming BlueRadios as a co-owner, as required by the

contract.   In connection with this claim, BlueRadios asserts that it is entitled to monetary

---

2. BlueRadios claims it should be the sole owner of U.S. Patent No. 8,355,671. BlueRadios claims it should be the co-owner of those patents containing the remote control figure (8,855,719, 9,301,085, 10,013,976, 8,706,170, 9,369,760, 9,507,772, 9,378,028, 8,929,954, 9,294,607, 9,377,862, 9,134,793, 9,442,290, 10,070,211, 9,332,580, 9,351,141, 9,316,827, 9,817,232, 9,383,816, 9,500,867, 10,209,955, 10,402,162, 9,904,360, 9,640,178, 9,830,909, 9,640,199, 9,640,181, CN102812417, CN104303177, CN104520787, CN104508601, CN104521223); the military helmet figure (10,627,860, CN103620527, 11,237,594); the bubble figure (8,909,296, 8,665,177, 9,116,340, 9,310,613, 8,825,468, 9,886,231); the hardware figure (9,116,340, 9,310,613, 8,825,468, 8,909,296, 9,886,231, 9,235,262, 8,855,719, 8,665,177, CN101809651, CN102812417, EP2,207,164); the internal components schematic (9,116,340, 8,825,468, 8,909,296, 9,886,231, 9,235,262, 8,855,719); the flowchart figure (9,116,340, 8,825,468, 9,886,231, 8,855,719, 9,235,262); the solar house figures (8,855,719, 9,235,262, CN102812417); and the voice and head tracking figure (8,855,719, 8,706,170, 9,235,262, 9,301,085, 10,013,976, 8,736,516, 9,152,378, 8,952,889, 9,122,307, 8,862,186, 10,627,860, 11,237,594, 8,929,954, 9,294,607, 9,134,793, 9,442,290, 10,070,211, 9,332,580, 9,351,141, 9,316,827, 9,817,232, 9,383,816, 9,500,867, 10,209,955, 10,402,162, 9,904,360, 9,640,178, 9,830,909, 9,640,199, 9,640,181, CN102812417, CN103890836, CN1093181149, CN103180800, CN103620527, CN104520787, CN104521223).

damages, including but not limited to unpaid royalties and disgorgement of profits, including any and all financial benefit, both monetary and non-monetary, and such further relief as the Court orders, consistent with *University of Colo. Found., Inc. v. American Cyanamid Co.*, 153 F. Supp. 2d 1231 (D. Colo. 2001).   BlueRadios also seeks an order directing Kopin to assign sole or co-ownership to BlueRadios in patents incorporating BlueRadios' developments.

(3)     Misappropriation of Trade Secrets (C.R.S. §§ 7-74-101, *et seq.*).   BlueRadios claims that its trade secrets were improperly acquired, used, and/or disclosed by Kopin and that Kopin used them to patent, develop, monetize, and profit from the Golden-i Project, and that BlueRadios was excluded from the benefits of and not paid for its contributions and developments to the Golden-i Project.   In connection with this claim, BlueRadios asserts that it is entitled to injunctive relief and monetary damages including but not limited to disgorgement of profits, including any and all financial benefit, both monetary and non-monetary, and such further relief as the Court orders, consistent with *University of Colo. Found., Inc. v. American Cyanamid Co.*, 153 F. Supp. 2d 1231 (D. Colo. 2001).   BlueRadios also asserts that it is entitled to attorney fees pursuant to C.R.S. §§ 7-74-103–105.

(4)     Violation of Defend Trade Secrets Act (DTSA).   BlueRadios claims that Kopin improperly used and/or disclosed BlueRadios' trade secrets to patent, develop, monetize and profit from the Golden-i Project.   BlueRadios further claims that its technology was used, licensed and/or sold in interstate commerce in a manner BlueRadios did not authorize and without due consideration or payment to BlueRadios.   In connection with this claim, BlueRadios asserts that it is entitled to injunctive relief and monetary damages, including but not limited to exemplary damages and disgorgement of profits, including any and all financial

benefit, both monetary and non-monetary, and such further relief as the Court orders, consistent with *University of Colo. Found., Inc. v. American Cyanamid Co.*, 153 F. Supp. 2d 1231 (D. Colo. 2001).   BlueRadios also asserts that it is entitled to attorney fees and costs.

(5)   Correction of Inventorship (35 U.S.C. §§ 116, 256).   BlueRadios claims that Kopin filed patents incorporating BlueRadios' inventive contributions without naming BlueRadios employees as inventors or owners and that Jeffrey Jacobsen was improperly named as an inventor on U.S. Patent No. 8,355,671.   In connection with this claim, BlueRadios asserts that it is entitled to an Order to the Director of the USPTO to issue a Certificate of Correction removing as an inventor Jeffrey Jacobsen from U.S. Patent No. 8,355,671.   BlueRadios also asserts that it is entitled to an Order to the Director of the USPTO to issue a Certificate of Correction to add as inventors any BlueRadios employees determined to be inventors of U.S. Patent No. 8,909,296.

b.   Kopin's statement:

Kopin asserts the following factual defenses against BlueRadios' claims, in addition to the legal defenses to be detailed in a motion for directed verdict:

For all claims: Kopin asserts that BlueRadios failed timely to exercise appropriate diligence or assert any claims, such that the applicable statutes of limitations for all claims had run prior to the commencement of this action.   Kopin further asserts that BlueRadios waived and/or is estopped from enforcing the rights alleged in its Complaint and also failed to avail itself

of the opportunity to mitigate its damages.   Kopin additionally asserts that BlueRadios comes to this case with unclean hands.

For claim 1: Breach of Written Contract.   BlueRadios cannot prove that Kopin breached the parties' Contract and Contract addendum because BlueRadios will not be able to demonstrate that it delivered the products and services that were a condition precedent to any royalty rights (or any other alleged rights apart from already-paid contractor fees) provided by the Contract and Contract Addendum.   BlueRadios also will not be able to demonstrate that the Contract and Contract addendum contemplate that BlueRadios would derive any benefit from the contractual relationship apart from the contractor fees delivered and the possible royalty payments; thus, BlueRadios cannot receive any other benefits for an alleged breach of the Contract and Contract Addendum.   Further, because Kopin made no sales of products qualifying for royalties under the Contract and Contract Addendum, no such royalties are owed.

For claim 2: Breach of the Covenant of Good Faith and Fair Dealing.   BlueRadios will not be able to demonstrate that Kopin breached the covenant of good faith and fair dealing because BlueRadios will not be able to show that Kopin failed to provide BlueRadios any benefit that the parties mutually intended to be available under the Contract and Contract Addendum. Furthermore, BlueRadios will not be able to demonstrate that it sustained any monetary damages in connection with the benefits allegedly withheld in violation of the Covenant.

For claim 3: Misappropriation of Trade Secrets (C.R.S. §§ 7-74-101, *et seq.*). BlueRadios will not be able to demonstrate that Kopin improperly acquired, used, and/or disclosed any BlueRadios alleged trade secrets. BlueRadios has failed to adequately identify its trade secrets and cannot meet its burden of showing any of its alleged trade secrets derive

independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from the trade secrets' disclosure or use.   BlueRadios will not be able to demonstrate it has taken measures to prevent the trade secrets from becoming available.   BlueRadios will not be able to demonstrate it is entitled to injunctive relief and/or monetary damages.

For claim 4: Violation of Defend Trade Secrets Act (DTSA).   BlueRadios will not be able to demonstrate e that Kopin improperly acquired, used, and/or disclosed any BlueRadios alleged trade secrets. BlueRadios has failed to adequately identify its trade secrets and cannot meet its burden of showing any of its alleged trade secrets derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from the trade secrets' disclosure or use.   BlueRadios will not be able to demonstrate it has taken measures to prevent the trade secrets from becoming available.   BlueRadios will not be able to demonstrate it is entitled to injunctive relief and/or monetary damages.

For claim 5: Correction of Inventorship (35 U.S.C. §§ 116, 256).   BlueRadios will not be able to demonstrate that Kopin filed patents incorporating BlueRadios' inventive contributions without naming BlueRadios employees as inventors or that Jeffrey Jacobsen was improperly named as an inventor on U.S. Patent No. 8,355,671.

## 4.   STIPULATIONS

a.   Stipulated Facts

1.   BlueRadios is a corporation organized under the laws of the State of Colorado with its principal place of business in Colorado.

7

2.   Kopin is a corporation organized under the laws of the State of Delaware with its principal place of business in Massachusetts.

3.   Mark Kramer is the CEO and founder of BlueRadios.

4.      On February 12, 2007, Kopin and BlueRadios entered into a Confidential Disclosure Agreement.

5.      Kopin and BlueRadios entered into a Contract dated June 5, 2007 and a Contract Addendum dated October 22, 2008.

b.      Stipulated Evidence: N/A

c.      Applicability of Law

1.   Statutes:

(a) 35 U.S.C. §§ 116, 256 applies to BlueRadios' claim for correction of inventorship.

2.   Regulations: N/A

3.   Rules: N/A

4.   Ordinances: N/A

## 5.   PENDING MOTIONS

None.

## 6.   WITNESSES

BlueRadios' Witness List is attached as Exhibit A to ECF No. 622.   Kopin's Witness List is attached as Exhibit B to ECF No. 622.

a.      BlueRadios' Non-expert Witnesses

(1)      Witnesses who **will** be present at trial;

a. Mark Kramer

   (1) Cripple Creek, CO

   (2) Mr. Kramer is the President and CEO of BlueRadios.   Mr.
   Kramer is an inventor of the technology in dispute in this
   lawsuit.   Mr. Kramer has knowledge all of the underlying
   facts and claims including the development of the Golden-i
   technology, the Parties' contract and contract addendum,
   BlueRadios' contributions to patents at issue in this case,
   confidential and proprietary BlueRadios information, and
   BlueRadios' damages.

   (3) In person

b. Wilfred I. Tucker

   (1) Centennial, CO

   (2) Mr. Tucker was the CTO of BlueRadios.   He is an
   inventor of the technology in dispute in this lawsuit.   Mr.
   Tucker has knowledge of the development of the Golden-i
   technology, the Parties' contract and contract addendum,
   BlueRadios' contributions to patents at issue in this case,
   confidential and proprietary BlueRadios information, and
   BlueRadios' damages.

   (3) In person

(2)    Witnesses who **<u>may</u>** be present at trial if the need arises; and

    a.  Randall Jones

        (1) Address unknown

        (2) Mr. Jones is a former employee of BlueRadios and may have information relevant to development of the Golden-i technology, the relationship between BlueRadios and Kopin under the Contract and Contract Addendum, BlueRadios' and Kopin's contributions to patents applied for under the parties' original Contract and Contract Addendum, and confidential and proprietary BlueRadios' information.

        (3) In person

(3)    Witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony.

    a.  Richard Sneider

        (1) Boston, MA

        (2) Mr. Sneider is the Treasurer and CFO at Kopin and was so during all relevant time periods.   Mr. Sneider has knowledge of Kopin's financial information including the monetization of the Golden-i Project.   Mr. Sneider also has information regarding Kopin's efforts to keep

information regarding Kopin's use of BlueRadios'
technology from BlueRadios.

(3) By deposition

b.  Dr. Hong Choi

(1) Westborough, MA

(2) Dr. Choi was the Chief Technology Officer at Kopin during
the relevant time periods.   Dr. Choi has knowledge of
Kopin's use and monetization of BlueRadios' technology.

(3) By deposition

c.  Dr. John C.C. Fan

(1) Westborough, MA

(2) Dr. Fan was the Founder, Chairman, CEO, and President of
Kopin during all relevant time periods.   Dr. Fan has
knowledge of the development of the Golden-i Project and
BlueRadios' contributions and developments to the
Golden-i Project. Dr. Fan also has knowledge of Kopin's
use and monetization of BlueRadios' technology.   Dr. Fan
also has information regarding Kopin's efforts to keep
information regarding Kopin's use of BlueRadios'
technology from BlueRadios.

(3) By deposition

d.   Dr. Christopher Parkinson

(1) Vancouver, WA

(2) Dr. Parkinson was, at various times during the relevant

period, an independent contractor whose company provided

services to Kopin, a Kopin employee, and a BlueRadios

employee.    Dr. Parkinson has knowledge of the

development of and BlueRadios' contributions and

developments to the Golden-i Project, and Kopin's use and

monetization of BlueRadios' technology.    As the CEO,

CTO, and a founder of RealWear, Dr. Parkinson has

knowledge of RealWear's use and monetization of the

Golden-i Project technology.

(3) By deposition

e.   Jeffrey Jacobsen

(1) Hollister, CA

(2) Mr. Jacobsen was the Senior Advisor to the President of

Kopin and the Golden-i Program Manager during all

relevant time periods.    Mr. Jacobsen has knowledge of the

entire Golden-i Project including the development of and

BlueRadios' contributions and developments to the

Golden-i Project, and Kopin's use and monetization of

BlueRadios' technology.

(3) By deposition

f.   Steven Pombo

(1) San Jose, CA

(2) Mr. Pombo is a former employee of Kopin and current employee of Realwear.   Mr. Pombo is a named inventor on patents at issue in this lawsuit.   Mr. Pombo has knowledge regarding the PCBs that BlueRadios delivered to Kopin in March 2009 and Kopin's use of those PCBs.

(3) By deposition

g.   John Paul Cass

(1) Concord, MA

(2) Mr. Cass is a former attorney with HBSR who has information relevant to BlueRadios' technology, including BlueRadios' contributions and developments to patents at issue in this lawsuit.

(3) By deposition

h.   David Thibodeau, Jr.

(1) Boston, MA

(2) Mr. Thibodeau is a former attorney with HBSR who has information relevant to BlueRadios' technology including BlueRadios' contributions and developments to patents at issue in this lawsuit.

        (3) By deposition

    i.   Gerald P. Kazanjian

        (1) Southborough, MA

        (2) Mr. Kazanjian is a former attorney with HBSR who has information relevant to BlueRadios' technology including BlueRadios' contributions and developments to patents at issue in this lawsuit.

        (3) By deposition

    j.   Joshua S. Matloff

        (1) Concord, MA

        (2) Mr. Matloff is a former attorney with HBSR who has information relevant to BlueRadios' technology including BlueRadios' contributions and developments to patents at issue in this lawsuit.

        (3) By deposition

b.    BlueRadios' Expert Witnesses

    (1)   Witnesses who **will** be present at trial;

        a.   Dr. Edwin Hernandez

            (1) Boca Raton, FL

            (2) Dr. Hernandez will provide testimony on BlueRadios' technology and its contributions to Golden-i and its progeny.

14

(3) In person

    b.   Mark Pedigo

        (1) Denver, CO

        (2) Mr. Pedigo will provide testimony regarding BlueRadios'
damages.

        (3) In person

    c.   Randall R. Rader

        (1) Springfield, VA

        (2) Mr. Rader will testify to the patents and patent applications
at issue in this case pursuant to the corrected Offer of Proof
filed on December 21, 2023 as ECF No. 616-2 and the
Court's Order, dated December 27, 2023, as ECF No. 619.

        (3) In person

(2)    Witnesses who **<u>may</u>** be present at trial; and

None.

(3)    Witnesses whose testimony is expected to be presented by means of a
deposition and a transcript of the pertinent portions of the deposition
testimony.

None.

c.    Kopin's Non-expert Witnesses

(1)    Witnesses who **<u>will</u>** be present at trial

(a) **Dr. Hong Choi**, Westborough, MA. Dr. Hong Choi is the Chief Technology Officer of Kopin. Dr. Choi will testify to the technical aspects and development of the Golden-i technology.   Dr. Choi will testify in person.

(b) **Dr. John Fan**, Westborough, MA. Dr. John Fan is the founder of Kopin and was the Chairman, Chief Executive Officer and President of Kopin during the relevant time period.   Dr. Fan will testify as to the technical aspects and development of the Golden-i technology, and sales of Golden-i technology.   Dr. Fan will also testify as to contracts relating to Golden-i, including the CDA, Contract, and Addendum with BlueRadios. Dr. Fan will testify in person.

(c) **Rich Sneider**, Westborough, MA. Rich Sneider is Kopin's Treasurer and Chief Financial Officer. Mr. Sneider will testify as to the financial aspects of Golden-i, including its monetization and sales. Mr. Sneider will testify in person.

(d) **Michael Murray**, Westborough, MA. Michael Murray is Kopin's current Chief Executive Officer and President.   Mr. Murray will testify as to Kopin's recent sales and use of Kopin's Golden-i technology. Mr. Murray will testify in person.

(e) **Dr. Chris Parkinson**, Vancouver, WA. Dr. Parkinson is a former Kopin contractor and employee who worked on the Golden-i project.

Dr. Parkinson has personal knowledge of the technical aspects and development of Golden-i. Dr. Parkinson will testify in person.

(f) **Steve Pombo**, San Jose, CA. Mr. Pombo is a former employee of Kopin who worked on the Golden-i project and has personal knowledge of the technical aspects and development of Golden-i. Mr. Pombo will testify in person.

(2)     Witnesses who **may** be present at trial if the need arises:

(a) **Mark Kramer**, Cripple Creek, CO. Mr. Kramer is the Chief Executive Officer and a co-founder of BlueRadios and has factual knowledge relating to the parties' CDA, Contract, and Addendum and relating to BlueRadios' involvement in the Golden-i project. Pertinent portions of Mr. Kramer's deposition transcript will be provided consistent with the Court's deadline for exchange.

(b) **Wilfred Tucker**, Centennial, CO. Mr. Tucker is the is the Chief Technical Officer and a co-founder of BlueRadios and has factual knowledge relating to the parties' CDA, Contract, and Addendum and relating to BlueRadios' involvement in the Golden-i project. Pertinent portions of Mr. Tucker's deposition transcript will be provided consistent with the Court's deadline for exchange.

(c) Kopin reserves the right to present live testimony from any Kopin witness for which BlueRadios presents testimony by deposition designation.

(3)     Witnesses whose testimony is expected to be presented by means of a

deposition and a transcript of the pertinent portions of the deposition

testimony.

(a) **Jeff Jacobsen**. Hollister, CA. Mr. Jacobsen is the former Senior

Advisor to the President of Kopin.    Mr. Jacobsen managed the

Golden-i project has personal knowledge of the technical aspects and

development of Golden-i, contracts related to Golden-i, and sale of

Golden-i.

d.     Kopin's Expert Witnesses

(1)     Witnesses who **<u>will</u>** be present at trial.

(a) **W. Todd Schoettelkotte**. Houston, Texas. Mr. Schoettelkotte is

expected to testify regarding BlueRadios' damages in the event it

is able to prove liability. Depending on the resolution of motions in

limine, Mr. Schoettelkotte may offer testimony disagreeing with

Mr. Pedigo's testimony.    Mr. Schoettelkotte is expected to testify

in person.

(b) **Josh Phinney**. New York, New York.    Dr. Phinney is expected to

testify regarding the technical contributions of BlueRadios to the

Golden-i project and opine on the extent such contributions reflect

inventive contributions compared to expected results of contract

engineering. In the event Dr. Hernandez's proposed testimony is

not excluded, Dr. Phinney is also expected to offer testimony

disagreeing with Dr. Hernandez's testimony.   Dr. Phinney is expected to testify in person.

(c) **Irah Donner**. New York, New York.   Mr. Donner is expected to testify reading patent prosecution at the USPTO, the types of actions that create legal duties between parties, and the types of actions that would constitute breaches of those duties.   Mr. Donner is also expected to offer testimony disagreeing with Mr. Rader's testimony. Mr. Donner is expected to testify in person.

(2)   Witnesses who **may** be present at trial

None.

(3)   Witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony:

None.

## 7.   EXHIBITS

a.   The Unified Exhibit List is attached as Exhibit C to ECF No. 622.

b.   The objections contemplated by Federal Rule of Civil Procedure 26(a)(3)(B) shall be made, and the final unified exhibit list will be filed and emailed in an editable Word version to Kane_Chambers@cod.uscourts.gov no later than seven (7) days before the Final Trial Preparation Conference unless otherwise ordered.

c.   On December 5, 2023, the Parties delivered to the Court two hard copies and one electronic copy of their exhibits.   On December 6, 2023, BlueRadios brought with it to Court its

physical exhibits and a hard drive with exhibits containing trade secret information.   Per the

Court's order (ECF No. 612), BlueRadios retained custody of those exhibits and will bring them

to Court for the Final Trial Preparation Conference set for January 16, 2024.

## 8.   DISCOVERY

Discovery has been completed.

## 9.   SPECIAL ISSUES

The Parties have raised the following special and/or additional issues of law:

Kopin suggests that the Court show the jury the "The Patent Process: An Overview for Jurors"

that is discussed in ECF No. 609.

## 10.   SETTLEMENT

a.   The parties and their counsel participated in two formal mediation sessions.   The
     most recent mediation session was a settlement videoconference that was held on
     June 13, 2023.

b.   The participants in the settlement conference included counsel and party
     representatives.

c.   Counsel for the parties intend to hold future settlement conferences.

d.   It appears that there is some possibility of settlement.

## 11.   EFFECT OF PRETRIAL ORDER

Hereafter, this Pretrial Order will control the subsequent course of this action and the trial,

and may not be amended except by consent of the parties and approval by the court or by order of

the court to prevent manifest injustice. This Pretrial Order supersedes the Scheduling and Discovery Order in the event of conflict. In the event of ambiguity in any provision of this Pretrial Order, reference may be made to the record of the Pretrial Conference to the extent reported by stenographic notes and to the pleadings.

## 12.   TRIAL AND ESTIMATED TRIAL TIME/FURTHER TRIAL PREPARATION PROCEEDINGS

a.   (1)   This is a jury trial.

(2)   BlueRadios estimates trial will take 3 weeks after jury selection. Kopin estimates that trial will take 2 weeks inclusive of jury selection, consistent with this Court's order at Dkt. 415.   The parties agree to evenly split time. Kopin proposes that the parties keep time and reconcile it every day.   Kopin further proposes that sidebars after objections will be attributed to the losing party and cross examinations will be attributed to the crossing party.

(3)   Trial will be held in Courtroom A802 of the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, located at 901 19th Street, Denver, CO 80294.

(4)   BlueRadios anticipates utilizing a trial technician who will bring his/her own equipment and connect to the Court's display system.   Kopin anticipates utilizing a technician who will bring their own computer system and will connect to the Court's display system.

b.   Trial Date: Beginning on January 22, 2024

c.   Final Trial Preparation Conference Date: January 16, 2024.

     d.      Deadline to file objections to designated testimony: January 9, 2024.

DATED this 8th day of January, 2024.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

**PRETRIAL ORDER APPROVED:** <u>January 3, 2024</u>

| | |
|---|---|
| */s/*     *Stanley M. Gibson* | */s/*     *Joshua M. Dalton* |
| Stanley M. Gibson | Joshua M. Dalton |
| Lena Streisand | MORGAN, LEWIS & BOCKIUS LLP |
| Shavon Henry | One Federal Street |
| JEFFER MANGELS BUTLER & | Boston, MA 02110-1726 |
| MITCHELL LLP | Telephone: +1.617.341.7700 |
| 1900 Avenue of the Stars, 7th Floor | Facsimile:   +1.617.341.7701 |
| Los Angeles, CA 90067 | Email: josh.dalton@morganlewis.com |
| Telephone:   (310) 203-8080 | |
| Email: sgibson@jmbm.com | Harvey Bartle IV |
| Email: lstreisand@jmbm.com | Julie S. Goldemberg |
| Email: shenry@jmbm.com | Morgan Lewis & Bockius LLP-Philadelphia |
| | 2222 Market Street |
| David B. Seserman | Philadelphia, PA 19103-2921 |
| SESERMAN LAW LLC | Telephone: +1.215.963.5000 |
| 3900 E. Mexico Ave., Suite 300 | Facsimile:   +1.215.963.5001 |
| Denver, CO 80210 | Email: julie.goldemberg@morganlewis.com |
| Telephone:   (303) 900-2406 | |
| Email: dseserman@seserman.law | Ehsun Forghany |
| | MORGAN, LEWIS & BOCKIUS LLP |
| Joseph E. Kovarik | 1400 Page Mill Road |
| SHERIDAN ROSS P.C. | Palo Alto, CA   94304 |
| 1560 Broadway, Suite 1200 | Telephone: 650.843.4000 |
| Denver, Colorado 80202-5141 | Facsimile: 650.843.4001 |
| Telephone:   (303) 863-9700 | Email: ehsun.forghany@morganlewis.com |
| Email: jkovarik@sheridanross.com | |
| | Kandis C. Gibson |
| *Attorneys for Plaintiff BlueRadios, Inc.* | MORGAN LEWIS & BOCKIUS LLP |
| | 1111 Pennsylvania Avenue NW |
| | Washington, DC 20004-2541 |

Telephone: +1.202.739.5605
Facsimile: +1.202.739.3001
Email: kandis.gibson@morganlewis.com

*Attorneys for Kopin Corporation*