IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02052-JLK

BLUERADIOS, INC.,

    Plaintiff,

v.

KOPIN CORPORATION,

    Defendant.

---

**PLAINTIFF BLUERADIOS, INC.'S SUPPLEMENTAL ACCOUNTING OF ATTORNEY FEES AND EXPENSES**

---

Pursuant to the Court Order dated January 26, 2024 (ECF No. 644), Plaintiff BlueRadios, Inc. ("BlueRadios") hereby submits a supplemental accounting of its reasonable expenses and attorney fees, incurred in connection with Kopin's outstanding discovery obligations under the Court's August 3, 2022 Order (ECF No. 382) beginning from September 2, 2022 through July 6, 2023 (the "Relevant Time Period").

In the bills attached hereto, counsel has broken up all time entries into single-task entries representing counsels' best estimate of time spent per task. Counsel also re-evaluated each of its entries and eliminated any entries for work that was not a consequence of, responsive to, or immediately and adversely impacted by the specific sanctionable discovery misconduct for which the Court found Kopin responsible. In accordance with the Court's July 6, 2023 Order (ECF No. 487), BlueRadios' counsel includes in this submission the fees and costs BlueRadios has incurred in connection with the following:

71957216v1

1. **Document Review**

In its July 6 Order, the Court stated that sanctions are appropriate to compensate BlueRadios for prejudice BlueRadios suffered as a result of "[c]ertain late and disorganized productions of documents" that required BlueRadios to "1) sift through all documents to identify unique materials; [and] 2) organize received documents according to its own criteria." (*See* ECF No. 487 at 18). Thus, BlueRadios has included for the Court's submission the attorney fees and costs it incurred in reviewing Kopin's document productions between September 2, 2022 and July 7, 2023. Kopin's disorganized and delayed document productions required BlueRadios to spend substantial time reviewing and analyzing documents, identifying unique materials, and organizing the documents so that counsel could determine what was missing. Counsel spent significant time meeting and conferring with Kopin's counsel in attempts to resolve issues regarding Kopin's document productions such as securing missing documents and files. The volume of Kopin's productions, which BlueRadios later found out contained some duplicative material, also caused BlueRadios to incur higher Relativity hosting fees.[1] Counsel has included in this submission the increased cost of hosting that data on Relativity. BlueRadios incurred $186,750 in attorney fees and $1,727.98 in costs in connection with document review during the Relevant Time Period.[2]

---

1. Relativity is the eDiscovery software utilized by BlueRadios' counsel. The cost of hosting data on Relativity is billed to the client based on the amount of data hosted. Kopin's September 2022 to July 2023 document productions resulted in increased Relativity hosting costs. BlueRadios did not learn of the duplicative nature of many of the documents until after the data was loaded onto Relativity, sorted, reviewed, and analyzed by counsel.

2. This category does not include document review conducted in preparation for depositions or review of third-party documents. Those tasks are covered in Categories 2 and 4, respectively. Fees incurred for reviewing Kopin's document productions may seem high in part because

71957216v1

2. **<u>Depositions</u>**

In its July 6 Order, the Court found that Kopin's misconduct caused BlueRadios to "conduct depositions without adequate time to review potentially relevant materials." (ECF No. 487 at 18). Thus, BlueRadios has included in its fee submission costs and attorney fees incurred in preparing for and taking the depositions of Kopin personnel, including the travel costs incurred in taking those depositions. Counsel for BlueRadios had to re-take depositions of Kopin employees as a direct result of the large volume of critical documents that Kopin produced after depositions concluded. As set forth in the attached declaration of Stanley M. Gibson, those depositions were necessitated by Kopin's delayed productions and resulted in BlueRadios' inability to amortize the cost of preparing for and taking depositions over time. The depositions were fundamentally limited to the delayed production documents. Further, as a result of Kopin's late productions, review and preparation was conducted primarily by Mr. Gibson, BlueRadios' lead counsel. Had Kopin timely produced the documents as required by the Court's August 3 Order, an associate and/or other attorneys billing at a significantly lower rate than Mr. Gibson would have had time to conduct an initial review of the documents and thereby reduce the time that Mr. Gibson spent preparing to take depositions. BlueRadios incurred

---

counsel had to repeatedly investigate issues regarding Mr. Jacobsen's laptops. Kopin's story regarding the production status of the contents of Mr. Jacobsen's laptops changed numerous times during the Relevant Time Period. Each time, counsel had to spend extra time reconciling what was produced with Kopin's representations regarding Mr. Jacobsen's laptops and eventually, with the two Jacobsen production methodologies. During and after the Relevant Time Period, a number of documents were produced from these laptops, based on BlueRadios' continued investigation and probing of Kopin. Yet even today, as addressed during the June 1, 2023 hearing, approximately 360,000 unique documents from Mr. Jacobsen's laptops have not been produced.

3

$218,620 in attorney fees and $23,552.71 in costs in connection with depositions during the Relevant Time Period.

### 3. <u>Motions</u>

In its July 6 Order, the Court stated that sanctions are appropriate to compensate BlueRadios for prejudice BlueRadios suffered as a result of "[c]ertain late and disorganized productions of documents" that required BlueRadios to "file motions seeking sanctions or, in the alternative, to compel production of documents." (*See* ECF No. 487 at 18). During the Relevant Time Period, BlueRadios filed two status reports regarding Kopin's late and unorganized productions and one motion seeking sanctions, or alternatively to compel documents. BlueRadios also spent significant time preparing for, traveling to, and attending the June 1, 2023 hearing on its motion seeking sanctions, or alternatively to compel further document production. BlueRadios incurred $216,940 in attorney fees and $258.80 in costs in connection motions practice during the Relevant Time Period.

### 4. <u>Third Party Discovery</u>

In its July 6, 2023 Order, the Court recognized that Kopin's failure to produce relevant third-party documents from Kopin's military and civilian contacts within 60 days of the August 3, 2022 Order "substantiates the need for hefty sanctions." (ECF No. 487 at 15–16). Because Kopin did not produce these documents, BlueRadios was required to subpoena them from third parties. During the Relevant Time Period, BlueRadios subpoenaed 14 third parties whose documents were missing from Kopin's productions. Thus, BlueRadios has included in this submission the fees and costs it incurred in subpoenaing, processing, and reviewing third party

4

document productions, meeting and conferring with third parties regarding BlueRadios' subpoenas, and the cost of personally serving the third-party subpoenas. BlueRadios incurred $26,967.50 in attorney fees and $4,538.73 in costs in connection with third party discovery during the Relevant Time Period.

5. **Experts**

As a direct consequence of Kopin's delayed and untimely productions, BlueRadios had to reengage its technical and damages experts to supplement their expert reports to take into account the untimely produced documents. The supplemental expert reports were limited to incorporation of the untimely produced documents and modifications to the previously produced opinions based upon the untimely produced documents. The total amount of costs charged to BlueRadios by its experts during the Relevant Time Period was $153,777.[3] *See* Exhibit 8.

In sum, BlueRadios incurred $649,998.50 in attorney fees and $183,855.22 in costs during the Relevant Time Period as a direct result of Kopin's misconduct, and at least $7,000 in expert witness costs in connection with this submission.[4] Attached hereto as Exhibit 9 is the

---

3. BlueRadios also incurred substantial costs associated with having its experts deposed on their supplemental reports. BlueRadios did *not* include these costs with its submission because expert depositions occurred after the Court's July 6, 2023 order.

4. In accordance with ECF No. 644, BlueRadios engaged the services of Peter Bornstein to review BlueRadios' fee and cost submission and prepare an expert report. A copy of the expert report issued by Mr. Bornstein is attached hereto as Exhibit 9. Although he has not issued a final invoice, the fees charged by Mr. Bornstein for the preparation of his expert report are expected to be approximately $7,000. *See* Ex. 9 at 2. Accordingly, BlueRadios requests that the Court award it at least $7,000 for the expert witness work of Mr. Bornstein.

Declaration of Peter Bornstein, a neutral fees expert, setting forth the reasonableness of the fees and costs incurred by BlueRadios during the Relevant Time Period.

WHEREFORE, BlueRadios requests that the Court award it sanctions in the amount of $840,853.72.

DATED this 9th day of February, 2024.

Respectfully submitted,

By:    /s/    Lena Streisand
Stanley M. Gibson
sgibson@jmbm.com
Lena Streisand
lstreisand@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone:   310-203-8080
Facsimile:   310-712-8548

David B. Seserman
dseserman@seserman.law
SESERMAN LAW LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone:   303-900-2406
Facsimile:   303-670-0990

Joseph E. Kovarik
jkovarik@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone:   303-863-9700
Facsimile:   303-863-0223

ATTORNEYS FOR PLAINTIFF BLUERADIOS, INC.

71957216v1

INDEX OF EXHIBITS

Ex. 1:  Declaration of Stanley M. Gibson, dated February 9, 2024

Ex. 2:  Att. 1 to Declaration of Stanley M. Gibson, attorney fees and costs incurred by Jeffer Mangels Butler & Mitchell LLP, dated September 2, 2022 to July 6, 2023

Ex. 3:  Att. 2 to Declaration of Stanley M. Gibson, excerpts from the 2023 AIPLA Report on the Economic Survey

Ex. 4:  Declaration of Joseph E. Kovarik, dated February 9, 2024

Ex. 5:  Att. 1 to Declaration of Joseph E. Kovarik, attorney fees and costs incurred by Sheridan Ross P.C., dated September 2, 2022 to July 6, 2023

Ex. 6:  Declaration of David B. Seserman, dated February 9, 2024

Ex. 7:  Att. 1 to Declaration of David B. Seserman, attorney fees and costs incurred by Seserman Law LLC, dated September 2, 2022 to July 6, 2023

Ex. 8:  Att. 2 to Declaration of David B. Seserman, expert invoices from Mark Pedigo and Edwin Hernandez for work conducted between September 2, 2022 and July 6, 2023

Ex. 9:  Att. 3 to Declaration of David B. Seserman, Report of Peter Bornstein, dated February 9, 2024

71957216v1

CERTIFICATE OF SERVICE

       I hereby certify that on February 9, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in the above-referenced matter.

       /s/ Lena Streisand
       Itzi Munoz
       JEFFER MANGELS BUTLER & MITCHELL LLP
       1900 Avenue of the Stars, 7th Floor
       Los Angeles, CA 90067
       Telephone:   (310) 203-8080
       E-mail:   lstreisand@jmbm.com