# EXHIBIT 9

the law office of
# PETER R. BORNSTEIN

February 9, 2024

David Seserman
Seserman Law LLC
3900 E Mexico Ave., Suite 300
Denver, CO 80222
VIA email: dseserman@seserman.law

    RE    Expert Witness Report
           *Blueradios, Inc. v. Kopin Corporation, Inc.*
           U.S. District Court for Colorado, Civil Action No. 1:16-cv-02052-JLK

Dear Mr. Seserman:

    I have been retained by Blueradios, Inc. to render an opinion regarding whether or not the attorney fees and costs submitted by the attorneys for Blueradios, Inc. in connection with the sanction order by the United State District Court are both reasonable and necessary.

    On August 3, 2022, Senior Judge John L. Kane issued an Order on Plaintiff's Motion for Discovery Sanctions which forms the underlying basis for the current attorney fee dispute. This order was followed by the Order for Sanctions issued by Judge Kane on July 6, 2023. Subsequent to that Order, counsel for the plaintiff filed its submission of attorney fees and costs to which the defendant objected. Finally, the court issued its Minute Order dated January 26, 2024 in which the court stated: "I also note that the best practice in an attorney fee dispute is for the parties to submit the affidavit of a neutral expert opining on the reasonability, vel non, of the requested fees." Based on that Minute Order you have retained my services as a neutral expert.

    In this role I have advised the attorneys for Blueradios of my analysis of the fee application and the deficiencies in that application noted by the Court. I have made suggestions as to how the attorneys could remedy those deficiencies.

    Each of the attorney applicants has sent to me a revised attorney fee spreadsheet together with declarations by both David Seserman and Stanley Gibson. Based on the revised spreadsheets and these declarations, I made a further review of the attorney fee application. I made this review using the criteria required by *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998); and *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998).

    Based on this review I have reached the opinion first, that the billing rate for the attorneys involved are reasonable and within those rates normally charged by attorneys with similar experience in this district. The primary attorneys are seasoned and experienced in separate areas of emphasis. Mr. Seserman is a trial attorney who has represented

Blueradios since the inception of the case nearly eight years ago. Mr. Gibson came into the case later and specializes in technology issues and trade secrets. Mr. Kovarik is a patent lawyer. I find no issue with the use of this combination of legal expertise given the complexities and history of this case.

The second part of the lodestar calculation is the determination of reasonableness insomuch as the hours expended were "necessary" given the context of the litigation. Hours spent that are excessive or redundant or duplicative are generally not considered necessary.

I considered the time spent reviewing the new discovery and documents produced after the Court order. I believe it was necessary for each of the attorneys to spend as much time as each thought appropriate to understand what had been produced. There seemed at first to be an issue of duplication in handling the depositions. I examined the tasks performed for the depositions of Jacobsen, Choi, Sneider, and Fan. At first review, there appeared to be duplication of effort. I raised this issue with Mr. Seserman. He explained that Mr. Gibson was the lawyer asking the questions while Mr. Seserman participated via video and email to assist Mr. Gibson based on his previous knowledge and experience with the deponent. I conclude that the attorney time spent on the depositions was necessary and reasonable. I considered the time spent on motion practice, especially to request the sanctions. I discussed duplication on this set of tasks with Mr. Seserman. I am of the opinion that each attorney should have spent time conceiving, strategizing, drafting and editing the motions based on their individualized perspective of the issue and its proposed resolution. An associate spent the lion's share of the drafting time while the senior attorneys contributed the strategy, conception and editing of the pleadings. Thus, the time spent on motion practice was not excessive or redundant.

Consequently, I have determined that the hours spent on document review, motions, depositions, and third party document procurement are reasonable and within the parameters of the Sanctions Order as issued by the Court. Having made those determinations, the lodestar amount for JMBM is $410,985.00 in fees and $29,899.97 in costs. The lodestar amount for Seserman Law is $170,850 in fees and $178.25 in costs. The lodestar amount for Sheridan Ross is $68,163.50. The total lodestar attorney fees are $649,998.50 and costs of $30,078.22. I do not see a reason to depart from the lodestar determination.

I will charge Blueradios approximately $7,000 for this project. Attached to this report is a list of the documents I considered and a copy of my CV with a list of other cases I have been hired to provide an analysis and opinions about attorney fees.

Very truly yours

*Peter R. Bornstein* [signature]

Peter R. Bornstein

## DOCUMENTS REVIEWED

1. Order on Kopin's Motion for Partial Summary Judgment and BR's Motion for Sanctions (Doc. #382)
2. Kopin's motion for Protective Order (Doc. #416)
3. BR's Opposition to Kopin's Motion for Protective Order (Doc. #418)
4. BR's Motion for Discovery Sanctions (Doc.# 421)
5. Order Deny Kopin's Motion for Protective Order (Doc. #430)
6. Order on Sanctions (Doc. #487)
7. BR's Submission of Attorney Fees and Costs (Doc. #489-491)
    - A. Declaration of Stanley M. Gibson with attorney fee records
    - B. Declaration of David I. Seserman with attorney fee records
    - C. Declaration of Joseph E. Kovarik
8. Kopin's Objection to Fee Award (Doc. #492
9. Minute Order Making Sanctions Order Public (Doc. # 495)
10. Reply in Support of Motion for Fees and Costs (Doc. #496)
11. Minute Order (Doc. #644)
12. Pleadings Relating to Fee Issue with Hamilton Brooks
13. JMBM Revised Attorney Fee Spreadsheet
14. Seserman Revised Attorney Fee Spreadsheet
15. Kovarik Attorney Fee Spreadsheet
16. Declaration of David I Seserman 2/9/24
17. Declaration of Stanley M. Gibson 2/9/34

**PETER R. BORNSTEIN**
**6060 GREENWOOD PLAZA BLVD., SUITE 500**
**GREENWOOD VILLAGE, COLORADO 80111**
**(720) 354-4440**

May, 2023

EMPLOYMENT:   Private law practice (1977-present)

- The Law Offices of Peter R. Bornstein - 1993 to date
- Berenbaum & Weinshienk P.C. (shareholder, 1983-93)
- Berenbaum & Berenbaum - (partner)
- Berenbaum, Weinberger & Susman
- Inman, Flynn & Coffee

My practice has concentrated on litigation and trial work. This practice includes commercial litigation of complex cases, criminal defense, real estate litigation, probate disputes, administrative hearings before many government agencies and tort litigation.

Public Service (1968-1977)

- Office of the District Attorney, Denver, Colorado (1972-1977)
  Chief trial deputy in a metropolitan prosecutor's office specializing in the prosecution of cases involving government corruption, white collar crime and murder
- Upper Peninsula Legal Services, Marquette, Michigan
  Staff Attorney, (1971-1972)
- Alger-Marquette Community Action Board. Executive Director, Marquette, Michigan (1968-1971)

EDUCATION:

- University of Chicago Law School, Chicago, Illinois; J.D., 1968
- University of Chicago, Chicago, Illinois - masters level course work, English Literature, 1965
- Carleton College, Northfield, Minnesota; A.B., 1964; Major, English Literature

TEACHING:

- Instructor, National Institute for Trial Advocacy (1991-2016)
- Adjunct Professor, University of Denver Law School (1979-1981)
- Instructor, Northern Michigan University

PROFESSIONAL AND COMMUNITY SERVICE:

- Supreme Court Advisory Board (2008 - ) serving as a judge with Hon. William R. Lucero, Presiding Disciplinary Judge
- Curious Theatre Board of Directors, (2009 - 2021)

- Colorado Bar Association Professionalism Coordinating Council (2004 - present)
- Board of Directors, Faculty of Federal Advocates (2005-2007)
- Board Member and past Chairman, Denver Bar Association Credit Union (1999-2005)
- Legal fee arbitration panels through the Denver Bar Association Legal Fee Arbitration Committee
- Special panel member for Supreme Court grievance boards (1979-1989)
- National Alumni Board and Colorado Chair for the Carleton College Alumni Association
- Founding Director and organizer of the Colorado Lawyers for the Arts
- Founding Director and organizer of the Colorado Dance Festival (Board Chair, 1984-1985)
- Colorado Rural Legal Services, Board of Directors (1980-1984) Bar Representative

PROFESSIONAL MEMBERSHIPS:

- Colorado Trial Lawyers Association
- Colorado Criminal Defense Bar (past member, Board of Directors)
- Colorado Bar Association
- Arapahoe County Bar Association
- American Inns of Court - *Thompson G. Marsh Inn*

PERSONAL:
- Born Chicago, Illinois - July 23, 1943
- Hobbies: outdoorsman, photography, reading

PUBLICATIONS:

1. "Persuading a Cold Judge." *Litigation Magazine, American Bar Association*, Vol. 35, No. 2 (Winter 2009)

2. "Ghostwriting and the Invisible Lawyer." *American Bar Association Litigation Magazine*, Vol 39, No. 3 (Summer 2013)

3. "Professionalism: Where We Were, Where We Are, and Where We Are Going." *The Colorado Lawyer*, Vol. 42, No. 10 (October 2013)

EXPERT WITNESS CASES:

1. *McFarland v. Canaday*, Denver District Court, Case No. 00 CV 4734 (Hired October 2001) – standard of care. Testified in court.

2. *Trobaugh, et. al v. Broad*, Jefferson District Court, Case No. 00 CV 1974 (Hired January 2002) – reasonable and necessary attorney fees. Deposition in lieu of testimony.

3. *Autrey v. Autrey,* Denver District Court, Case No. 02 CV 6277 (Hired August 2003) – reasonable and necessary attorney fees. Testified in court.

4. *In re Estate of John Elliott Wilhelm*, Arapahoe District Court, Case No. 02PR875 and 02PR877 (Hired February, 2005) – liability for transfer of a gun collection. Testified in court on May 24, 2005.

5. Attorney malpractice and standard of care for attorney handling a mental health civil commitment. Report prepared.

6. *Ted Nelson, et al., Claimants v. James McManus, et al., Respondents* JAG No. 2010-1817A. Expert witness regarding reasonable and necessary attorney fees, hired by Lewis Brisbois Bisgaard & Smith, LLP. Testified before JAG arbitrator on April 5, 2012.

7. *Johnson v. Rufner,* Arapahoe District Court, Case No. 16CV30151. Standard of care for attorney malpractice. Expert report.

8. *Chipman Glasser v. Rocky Mountain Construction Company*, Judicial Arbiter Group Case No. 2021-1326A. Expert Witness for rebuttal report on reasonableness of unpaid attorney fees. Report prepared for Furtado Law, PC

9. *Gilbert Minerals LLP et. al v. HRO 2011 Partners, LLP, et. al,* Denver District Court, Case No. 2021V 32223. Expert opinion on attorney fees and costs as damages in a civil action brought for legal malpractice. Report prepared for Watson Galleher, Esq.