IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02052-JLK

BLUERADIOS, INC.,

 Plaintiff,

v.

KOPIN CORPORATION,

 Defendant.

**ORDER ON EXHIBITS, JURY QUESTIONNAIRE, DEPOSITION DESIGNATIONS, MOTION TO STRIKE KOPIN'S OBJECTION TO BLUERADIOS' REQUEST FOR FEE AWARD (ECF NO. 655)**

Kane, J.

 Following the February 13, 2024 hearing to resolve objections related to exhibits Plaintiff BlueRadios, Inc. ("BlueRadios") and Defendant Kopin Corporation, Inc. ("Kopin") intend to present at trial, there remain several matters I must address.

 I. <u>Exhibits</u>

 At the hearing, I instructed the parties to confer, on or before February 23, 2024, regarding any redactions to potential exhibits necessitated by my rulings. Immediately after the parties have done so, counsel for BlueRadios shall send via electronic mail (to kane_chambers@cod.uscourts.gov) digital copies in zip file attachment of 1) all exhibits with newly added redactions[1] and 2) all exhibits for which there are outstanding objections

---

[1] Parties have already submitted digital copies of unredacted exhibits and need not do so again.

unresolved after the February 13, 2024 hearing.[2] This will enable the parties to file an accurate and final version of the Unified Proposed Exhibit List on or before February 27, 2024. The parties are also directed to submit two copies of exhibits—one physical and one via flash drive—to my chambers on or before March 11, 2024. The parties should provide two more physical copies on the first day of trial, March 20, 2024.

II. Jury Questionnaire

From the bench, I also discussed with counsel my interest in administering a questionnaire to be mailed to potential jurors. This questionnaire should be understood to be an extension of the voir dire process, facilitating jury composition and enabling jurors to answer questions candidly in the comfort of their own homes. Counsel for BlueRadios is directed to submit a jointly proposed set of questions on or before 12:00 PM MST on February 26, 2024.[3]

III. Deposition Designations

Near the end of the February 13, 2024 hearing, counsel intimated that the parties eagerly anticipated rulings on the objections to the deposition designations that the parties submitted last month. *See* ECF Nos. 629, 630. The Pretrial Order (ECF No. 627) indicates that all the deponents whose deposition testimony the parties have designated for use at trial, except Jeffrey

---

[2] These exhibits should include all exhibits on which I deferred ruling at the February 13, 2024 hearing. The parties should indicate which if any objections remain vis-à-vis these exhibits.
[3] In light of allegations of inappropriately influencing potential jurors, this questionnaire should not refer explicitly to any party by name, any witness, any press release or other publication concerning the parties or witnesses, or any other litigation involving the parties or witnesses.

Jacobsen, will or may testify as live witnesses at trial.[4] Therefore, since live testimony is possible for all but one deponent, I take the deposition designations to be used for impeachment purposes only. Accordingly, the objections to all designated depositions for witnesses capable of testifying at trial are overruled without prejudice as premature.

BlueRadios and Kopin each submitted depositions of Jeffrey Jacobsen with the parties' designations highlighted. The highlighted designations do not match, and I am, therefore, unable to rule on the admissibility, *vel non*, of the designated testimony. The parties are to confer and BlueRadios' counsel is directed to resubmit on or before Friday, February 23, 2024, a single version of the depositions taken of Jeffrey Jacobsen with each parties' designations and objections highlighted as provided in my Civil Pretrial and Trial Procedures Memorandum.[5] *See* Kane Chambers Pretrial and Trial Procedures Memorandum – Civil Cases at 14. On that same day, the parties shall refile the log of their deposition designations and objections for Mr. Jacobsen's depositions. This log shall be submitted jointly and should include a table for each deposition with columns entitled "Designated Testimony," "Party Designating," "Objection," "Counter-Designation," and "Objection to Counter-Designation." I discourage including counter-designations that are duplicative of the parties' designated testimony. The "Designated Testimony" column should set out the page and line number of the deposition and should be organized sequentially.

---

[4] To the extent the parties intend for the deposition testimony to be used in lieu of certain live testimony from the appearing witnesses, they will not be permitted to do so and live testimony will be required.

[5] For the avoidance of doubt, BlueRadios will indicate its designations and counter-designations through highlighting text in yellow. Kopin will do likewise in blue. Both parties will mark testimony to which they object in red.

IV. Motion to Strike Kopin's Objection to BlueRadios' Request for Fee Award (ECF No. 655)

Earlier in this case, I found that BlueRadios is entitled to an award of attorney fees for Kopin's inappropriate discovery conduct. *See* Order on Pl.'s Mot. for Disc. Sanctions and Regarding Def.'s Produc. of Doc. for In Camera Review, ECF No. 495. The parties filed briefing on the amount of attorney fees that should be awarded. *See* ECF Nos. 489, 492, 496. The briefing was insufficient and I ordered the parties to provide supplementary analysis and expert review of BlueRadios' request for a fee award. The parties have submitted that supplemental briefing, and now, BlueRadios moves to strike Kopin's supplemental brief—Kopin's Objection to BlueRadios' Request for Fee Award (ECF No. 654)—citing an undisclosed (and therefore unwaived) conflict between Kopin's supporting affiant, John Posthumus, and BlueRadios. Mr. Posthumus was formerly a shareholder at Sheridan Ross PC, counsel of record for BlueRadios in this case. Moreover, he appears to have had direct involvement in this litigation on BlueRadios' behalf. In his affidavit attached to Kopin's brief, however, he opines that the attorney fees sought by BlueRadios are unreasonable. The appearance of an unwaived conflict is unavoidable. Even taking Mr. Posthumus' representations in his defense as true, the risk of inadvertent use—conscious or not—of nonpublic information about BlueRadios to its detriment is too great. *See* Colo. R. Prof'l. Cond. 1.8(b), 19(c); *cf*. Colo R. Prof'l Cond. 10 (discussing the presumption of imputed conflicts between attorneys who are simply at the same firm). I find it appropriate to strike Mr. Posthumus' affidavit in support of Kopin's Objections to BlueRadios' Request for Fee Award and will give no weight to any analysis reliant thereupon or reference thereto. BlueRadios' Motion to Strike Kopin's Objection to BlueRadios' Request for Fee Award (ECF No. 655) is therefore GRANTED IN PART and DENIED IN PART.

V.    Conclusion

Accordingly, it is ORDERED that:

1. BlueRadios shall submit via electronic mail (to kane_chambers@cod.uscourts.gov) digital copies in a zip file attachment of all newly redacted exhibits and all exhibits for which there remain pending objections, immediately after conferring with Kopin on or before February 23, 2024;

    o   The parties shall send to chambers two copies of all exhibits—one physical and one via flash drive—on or before March 11, 2024 and produce two more physical copies of exhibits on the first day of trial, March 20, 2024;

2. BlueRadios shall submit via electronic mail a jointly proposed set of questions for a jury questionnaire on or before 12:00 PM MST on February 26, 2023;

3. Deposition designations for witnesses capable of testifying live at trial are limited to use for impeachment. Objections to these designations are overruled without prejudice as premature. BlueRadios shall submit via electronic mail a final, combined deposition designation log and accompanying transcript for each deposition with designated testimony from Jeffrey Jacobsen on or before February 23, 2024; and

4. BlueRadios' Motion to Strike Kopin's Objection to BlueRadios' Request for Fee Award is GRANTED IN PART and DENIED IN PART, as specified above.

DATED this 22nd of February, 2024.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE